OPINION
{¶ 1} Defendant-appellant, Amory Dorsey, appeals his sentence, following a guilty plea, in the Mahoning County Common Pleas Court for aggravated robbery, kidnapping, safecracking, and an attendant firearm specification.
 {¶ 2} On January 24, 2002, a Mahoning County Grand Jury indicted appellant for the following: one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree; one count of safecracking, in violation of R.C.2911.31(A), a felony of the fourth degree; and four counts of kidnapping, in violation of R.C. 2905.01(A)(2), a felony of the first degree. Each of the six counts also contained a firearm specification. R.C. 2941.145(A). The charges resulted from appellant's involvement in the robbery of Antone's Restaurant in Austintown, Ohio, that occurred on January 2, 2002.
 {¶ 3} Appellant pleaded not guilty and the case proceeded to discovery and other pretrial matters. On June 6, 2002, appellant and plaintiff-appellee, State of Ohio, entered into a Crim.R. 11 plea agreement. Appellant agreed to plead guilty to each of the charges listed in the indictment, including the firearm specifications. Appellee agreed to recommend a four year sentence on each of the counts to be served concurrently to each other. Appellee also agreed to merge the firearm specifications for purposes of sentencing and recommend that appellant serve one three year sentence for a firearm specification to be served consecutively with the substantive counts. The trial court held a sentencing hearing on July 31, 2002, and imposed the agreed upon sentence. This appeal followed.
 {¶ 4} Appellant's sole assignment of error states:
 {¶ 5} "The Court abused its discretion in sentencing the defendant appellant to a term of greater than three years pursuant to 2929.14."
 {¶ 6} In this case, appellant's sentence is not subject to appellate review. Neither the defendant nor the prosecution may appeal from a sentence that is recommended by both parties and is authorized by law. R.C. 2953.08(D) states, in relevant part:
 {¶ 7} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 8} The parties herein negotiated a plea agreement providing for four year sentences for the substantive counts to be served concurrently with each other and consecutively to a three year sentence for a firearm specification. The agreement was entered into the record orally at the change of plea hearing on June 6, 2002, and reiterated at the sentencing hearing on July 31, 2002. Therefore, both appellee and appellant jointly recommended the agreement, and the trial court accepted the agreement and later imposed the recommended sentences.
 {¶ 9} "A jointly recommended sentence is `authorized by law' if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose." State v. Rogg (Mar. 13, 2001), 4th Dist. No. 00CA07. See, also, State v. Salsgiver
(Aug. 10, 2001), 11th Dist. No. 2000-T-0048; State v. Bristow
(Jan. 29, 1999), 3d Dist. No. 3-98-21.
 {¶ 10} In this case, appellant's sentence was authorized by law. Appellant pleaded guilty to five charges which constituted first degree felonies and one which constituted a fourth degree felony. The prison term for a first-degree felony can be three, four, five, six, seven, eight, nine, or ten years. R.C.2929.14(A)(1). The prison term for a fourth-degree felony can be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C.2929.14(A)(4). In addition, appellant pleaded guilty to one firearm specification which carries a mandatory three year sentence. R.C. 2941.145(A); R.C. 2929.14(D)(1)(a)(ii). The trial court sentenced appellant to four year sentences for the substantive counts to be served concurrently with each other and consecutively to a three year sentence for a firearm specification. The resulting aggregate or actual sentence is seven years compared to the potential fifty-four and a half years appellant faced. Since each sentence falls well within the statutory range, the aggregate sentence was "authorized by law" under R.C. 2953.08(D).
 {¶ 11} Accordingly, this appeal is hereby dismissed.
Waite, P.J., concurs.
DeGenaro, J., concurs.