DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas that found appellant guilty of one count of attempted possession of drugs in violation of R.C. 2923.02(A) and 2925.11(A), (C)(3)(f), pursuant to a plea, and imposed a five-year prison sentence. For the following reasons, the judgment of the trail court is affirmed. *Page 2 
 {¶ 2} Appointed counsel Thomas Dusza has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of his request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues. Counsel for appellant does, however, set forth the following proposed assignments of error:
 {¶ 3} "I. The trial court abused its discretion when it imposed the agreed sentence upon the defendant/appellant.
 {¶ 4} "II. Appellant was denied the effective assistance of counsel.
 {¶ 5} "III. Whether the trail court committed error when it waived appellant's right to appeal the outcome of his plea."
 {¶ 6} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is *Page 3 
frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 7} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant responded to counsel's request to withdraw by filing a pro se brief. Appellant sets forth arguments in support of six separate proposed assignments of error, which assert that Huron County did not have subject matter jurisdiction over his case; his guilty plea was not entered knowingly and he was given "bad advice" concerning the plea; he was not correctly advised at sentencing of the possibility of post-release control; he was not allowed the opportunity to challenge his presentence investigation report and he did not waive his right to a jury trial in writing.
 {¶ 8} Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant as well as those proposed by appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 9} The facts relevant to the issues raised on appeal are as follows. On July 8, 2005, appellant was indicted on one count of possession of drugs in violation of R.C. 2925.11(A), (C)(3)(f), a second-degree felony. The incidents giving rise to the charge occurred in Huron County, Ohio. On January 10, 2006, appellant entered a negotiated plea of guilty to one count of attempted possession of drugs, a third-degree felony. The *Page 4 
trial court referred appellant for a pre-sentence investigation. On February 22, 2006, appellant was sentenced to five years imprisonment and a mandatory fine of $5,000; the trial court did not impose a driver's license suspension.
 {¶ 10} As his first proposed assignment of error, counsel for appellant suggests that the trial court abused its discretion when it imposed the agreed-upon sentence.
 {¶ 11} R.C. 2953.08(D) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." A sentence is "authorized by law" as long as the prison term imposed does not exceed the maximum term prescribed by statute for the offense. See, e.g., State v. Dorsey, 7th Dist. No. 03-MA-151, 2004-Ohio-4822. The sentence imposed in this case was the maximum allowable for a third-degree felony. Further, the record clearly reflects that the sentence was imposed by a sentencing judge following a joint recommendation by the state and the defense. Based on the foregoing, we find that the trial court did not abuse its discretion by imposing the agreed-upon sentence and, accordingly, counsel's first proposed assignment of error is not well-taken.
 {¶ 12} As his second proposed assignment of error, counsel for appellant suggests that trial counsel was ineffective for failing to inform appellant when he entered his plea that he could receive a maximum sentence of five years and for advising him to accept the plea without conducting a pretrial discovery. Similar arguments are also raised in appellant's pro se brief, as his second and third proposed assignments of error. *Page 5 
 {¶ 13} To prevail on a claim of ineffective assistance of counsel, appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988),37 Ohio St.3d 153.
 {¶ 14} These arguments fail for several reasons. First, the record clearly shows that appellant was advised at the time he entered his guilty plea that he could receive the maximum sentence of five years. At the plea hearing, the prosecutor informed the court that the parties would jointly recommend a five-year sentence for the offense; when asked by the trial court whether that was correct, defense counsel stated that it was. The trial court then advised appellant that it was required to ask him several questions before accepting his plea. After ascertaining that appellant could read and write the English language and was not under the influence of any medication, drugs or alcohol, the trial court asked appellant the following questions:
 {¶ 15} "THE COURT: Okay. Do you understand the charges to which you're pleading? *Page 6 
 {¶ 16} "THE DEFENDANT: Yes, ma'am.
 {¶ 17} "THE COURT: Do you understand that it's now a felony of the third degree? Do you know the maximum, worst punishment you could receive for this?
 {¶ 18} "THE DEFENDANT: No, ma'am.
 {¶ 19} "THE COURT: Five years is the worst.
 {¶ 20} "THE DEFENDANT: Yes, ma'am.
 {¶ 21} "THE COURT: It's also a possible fine of up to $10,000; do you understand that?
 {¶ 22} "THE DEFENDANT: Now I do.
 {¶ 23} "* * *
 {¶ 24} "THE COURT: Do you understand that as part of this plea agreement, you are agreeing that you will serve the five years in prison?
 {¶ 25} "THE DEFENDANT: Yes, ma'am."
 {¶ 26} Based on the foregoing, we find that appellant's plea was knowingly, intelligently and voluntarily entered.
 {¶ 27} Further, when a defendant enters a guilty plea, as appellant did in this case, he waives all appealable errors which may have occurred during the court proceedings, unless such errors are shown to have precluded him from entering a knowing and voluntary plea. State v.Kelley (1991), 57 Ohio St.3d 127. Appellant has not demonstrated any error in the proceedings or any misconduct on his attorney's part that precluded him from entering a knowing and voluntary plea. *Page 7 
 {¶ 28} Accordingly, we find that trial counsel's representation did not fall below an objective standard of reasonableness. Appointed counsel's second proposed assignment of error and appellant's second and third assignments of error are not well-taken.
 {¶ 29} As his third proposed assignment of error, appointed counsel suggests that the trial court committed error when it "waived appellant's right to appeal the outcome of his plea." Counsel does not explain how the trial court waived appellant's right to appeal. By entering a plea of guilty, appellant himself waived certain rights, including the right to appeal his conviction. Prior to accepting appellant's plea, the trial court advised him of the numerous rights which he was giving up and then asked: "Do you understand by pleading guilty, you will be giving up your right to appeal. If you were found guilty by a jury or judge, you would have the right to appeal that, but by entering a guilty plea you are giving that right up?" Appellant responded that he understood. Based on the forgoing, counsel's third proposed assignment of error is not well-taken.
 {¶ 30} In his pro se brief, appellant sets forth several more proposed assignments of error. Appellant argues that the Huron County Court of Common Pleas did not have subject matter jurisdiction over his case. It is undisputed that the offense of possession of drugs that gave rise to the charge against appellant occurred in Huron County, Ohio, and is a second-degree felony. "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. This proposed assignment of error is without merit. *Page 8 
 {¶ 31} Appellant also claims that the trial court erred by informing him at sentencing that, upon his release from prison, the adult parole authority would have the discretion to place him on post-release control for up to three years. Appellant appears to argue that he should have been told he could be placed on post-release control "by order of the court." Our review of the record shows that the trial court properly notified appellant of the possibility of post-release control, at the parole board's discretion, pursuant to R.C. 2967.28(C). This proposed assignment of error is without merit.
 {¶ 32} Appellant claims that he was not allowed time to challenge his presentence investigation report. The report and its contents are governed by Crim.R. 32.2 and R.C. 2951.03. Paragraph (B)(1) of that section provides that "the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report." Recognizing that this typically occurs only moments before the sentencing hearing, R.C. 2951.03(B)(2) states: "Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report."
 {¶ 33} In this case, the transcript of appellant's sentencing hearing reflects the following statements by the court: "The Court has received and reviewed a presentence report dated February 10, 2006. I've made that report available to counsel for the State, and counsel for the defendant to be shared with the defendant except those portions *Page 9 
protected by Ohio Revised Code 2951.03. Copies of the report are to be returned to the Court at the conclusion of today's hearing. A copy of the report will be sealed and made part of the record.
 {¶ 34} "Does the defendant claim there are any factual inaccuracies in the presentence report, Ms. Perkovic." Appellant's counsel replied that there were no inaccuracies in the report.
 {¶ 35} Based on the foregoing, we find that appellant was not denied the opportunity to challenge his presentence investigation report. This proposed assignment of error is without merit.
 {¶ 36} Lastly, appellant asserts that he did not waive in writing his right to a jury trial and that the trial court therefore did not have jurisdiction to impose sentence. To the contrary, the "Plea of Guilty" which appellant, his attorney and the prosecutor signed on January 10, 2006, states: "I understand that by pleading Guilty I give up my rightto a jury trial or court trial, where I could confront and have my attorney question witnesses against me, and where I could use the power of the court to call witnesses to testify for me." (Emphasis added.) This proposed assignment of error is without merit.
 {¶ 37} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. All of appellant's proposed assignments of error are found not well-taken. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Huron County Court of Common Pleas is affirmed. Appellant is ordered *Page 10 
to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1