JUDGMENT: DISMISSED
 JUDGMENT: DISMISSED {¶ 1} Appellant, Eugene Williams, appeals his sentence, which was imposed by the trial court on remand. For the reasons set forth below, this appeal is dismissed.
 {¶ 2} Appellant is before this court for a second time[1]
challenging his sentence, which was imposed pursuant to guilty pleas in three separate criminal cases: CR-423249, CR-424274, and CR-425455.
 {¶ 3} In CR-423249, he was indicted in May 2002 on one count of burglary, a felony of the second degree. In CR-242274, he was indicted in June 2002 on six counts of burglary, all felonies of the second degree. He was also charged with one count of robbery (a second degree felony), one count of intimidation of a witness (a third degree felony), and four counts of theft with elderly specifications (all with varying felony degrees). Finally, in CR-425455, he was indicted in July 2002 on one count of theft, a felony of the fourth degree.
 {¶ 4} In August 2002, appellant reached a plea agreement with the state in resolution of all three of these criminal indictments, and he was sentenced on September 19, 2002. In December 2002, he appealed his sentence because there was confusion in the record between the plea that he had entered at his plea hearing and the plea reflected in the court's journal entry. It also was not clear how each of these sentences were to run with respect to one another.
 {¶ 5} The record reflects that appellant's initial plea hearing occurred on August 19, 2002. This plea hearing was memorialized in a journal entry dated September 5, 2002. Although that journal entry accurately reflects the pleas appellant entered on August 19th at the plea hearing in CR-423249 and CR-425455, it does not accurately reflect appellant's plea in CR-424274.
 {¶ 6} On September 19, 2002, the trial court sentenced appellant in accordance with the offenses and degrees as stated in the September 5th journal entry. As a result, in appellant's first appeal, this court found that the September 5th journal entry was in conflict with the offenses and degrees articulated at the August 19th plea hearing, and we reversed and remanded for resentencing.
 {¶ 7} A resentencing hearing was held on January 22, 2004. At that hearing, all parties were in agreement that the offenses and degrees articulated in the court's September 5, 2002 journal entry correctly represented appellant's pleas. The state stipulated to an agreed sentence totaling 13 years in prison. The parties were in agreement on the sentence, and the trial court resentenced appellant accordingly.
 {¶ 8} Appellant now brings this second appeal and argues that the trial court erred in sentencing him on second degree felonies, which were absent from the August 19, 2002 plea hearing. He asserts one assignment of error:
 {¶ 9} "I. The trial court denied the defendant-appellant due process of law when it sentenced him for felonies of the second degree when he had not so pled guilty to any felonies of the second degree."
 {¶ 10} After review of the record, appellant's appeal fails. We note that the record was supplemented on July 21, 2006. The supplemented record reveals that, because of contradictions between the August 19, 2002 plea hearing and the trial court's September 5, 2002 journal entry, a second plea hearing was held on August 23, 2002 to correct the record and re-enter appellant's plea. The transcript of the August 23, 2002 hearing clarifies that appellant retracted his former pleas and entered new pleas, which match the pleas recorded in the September 5, 2002 journal entry. Therefore, that entry is an accurate representation of appellant's plea. We find no error in appellant's sentence because the trial court resentenced him according to the degrees of felonies to which he pleaded guilty, as reflected in the record.
 {¶ 11} In addition, at appellant's resentencing hearing, the sentence was accepted by all parties without objection. Consequently, appellant expressly waived any appellate challenge to that sentence, and we find that waiver valid.
 {¶ 12} "* * * In Ohio, the right to an appeal is a creature of statute. R.C. 2953.02. Courts * * * have reasoned that since a constitutional right may be waived, the statutorily-created right to appeal may also be waived. U.S. v. Navarro-Botello (C.A.9, 1990), 912 F.2d 318; UnitedStates v. Wiggins (C.A.4, 1990), 905 F.2d 51." City of N. Olmsted v.Reagan, Cuyahoga App. No. 79627, 2002-Ohio-4426, quoting State v.Butts (1996), 112 Ohio App.3d 683, 686, 679 N.E.2d 1170.
 {¶ 13} Since appellant expressly waived his right to appeal his resentence, we enforce that waiver and dismiss his sole assignment of error.
Appeal dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., PRESIDING JUDGE
KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] See first appeal, State v. Williams, Cuyahoga App. No. 82206, 2003-Ohio-3962.