OPINION *Page 2 
{¶ 1} Defendant-appellant Edward C. Moody appeals his conviction entered in the Richland County Court of Common Pleas following a no contest plea.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On December 28, 2006, Appellant, Edward C. Moody, was traveling southbound on Interstate 71 through Richland County. (T. at 5). Trooper Kelley noticed Appellant's vehicle traveling at a high rate of speed near mile marker 167 and clocked the vehicle on radar at 103 miles per hour in a posted sixty-five (65) mile per hour zone. (T. at 5). Trooper Kelley activated the lights and sirens on his cruiser and attempted to make a car stop at mile marker 159; however, Appellant failed to stop.
 {¶ 4} During the pursuit, Trooper Kelley observed Appellant cut across the median twice, once turning northbound on Interstate 71 in the area of mile marker 155, and again turning southbound on Interstate 71 in the area of mile marker 157. (T. at 5). In the area of mile marker 155, Appellant crashed the vehicle and then fled on foot. (T. at 5). As Appellant exited the vehicle, Trooper Kelley observed a silver and black object in his hand, later identified as a loaded .380 caliber handgun. Appellant threw the gun onto the ground and was taken into custody. (T. at 5).
 {¶ 5} Appellant initially identified himself as Michael Taylor Diggs; however, Trooper Kelley later learned that Appellant was, in fact, Edward C. Moody, and that he was driving under suspension. An inventory search of Appellant's vehicle revealed approximately 132 grams of marijuana. *Page 3 
 {¶ 6} As a result of the December 28, 2006 incident, Appellant was indicted by the Richland County Grand Jury on one count of possession of a weapon under disability, a felony of the third degree; one count of failure to comply with the order or signal of a police officer, a felony of the third degree; one count of carrying a concealed weapon, a felony of the fourth degree; one count of falsification, a misdemeanor of the first degree; driving under suspension, a misdemeanor of the first degree; possession of marijuana, a misdemeanor of the fourth degree; and speeding, a minor misdemeanor.
 {¶ 7} Appellant's counsel negotiated a plea agreement with the State of Ohio. Pursuant to that plea agreement, Appellant agreed to plead no contest to all three felony counts in exchange for an agreed four (4) year prison sentence. The State agreed to dismiss the four misdemeanor counts of the indictment and not to seek re-indictment to add a firearm specification to the failure to comply charge.
 {¶ 8} On August 15, 2007, Appellant appeared before the trial court for a change of plea hearing. The trial court accepted Appellant's no contest plea and sentenced Appellant to two (2) years on Count I, the weapons under disability charge, two (2) years on Count II, the failure to comply charge, and eighteen (18) months on Count III, the carrying a concealed weapon charge. Counts I and III were ordered to run consecutive to one another, with the sentence on Count II ordered to run concurrent. Appellant was also advised that he faced a possible term of post-release control as a part of his sentence.
 {¶ 9} Appellant now appeals his conviction, raising the following assignments of error: *Page 4 
 ASSIGNMENTS OF ERROR {¶ 10} "I. THE TRIAL COURT ERRED IN ACCEPTING A NO CONTEST PLEA THAT WAS NOT KNOWING, WILLFUL, AND INFORMED.
 {¶ 11} "II. DEFENDANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO INCORRECT REPRESENTATIONS MADE BY COUNSEL TO DEFENDANT."
 I. {¶ 12} In Appellant's first assignment of error, he argues that his no contest plea was not made knowingly and willfully. We disagree.
 {¶ 13} Appellant specifically argues that his plea was not knowing or informed due to inconsistencies between the Admission of Guilt/Judgment Entry form signed by Appellant and the statements made by the trial court on the record as to the potential number of years of post-release control. Appellant also argues that the sentencing entries are misleading as to whether the post release term is mandatory.
 {¶ 14} The Admission of Guilt/Judgment Entry which was executed by Appellant on August 16, 2007, included the following language:
 {¶ 15} "Post-release control: If I am sentenced to prison, I have 5 years of post-release control. If I violate post-release control conditions, the parole board could return me to prison for up to nine months for each violation, but not to exceed a cumulative total of 50% of my original sentence. If the violation is a new felony, I could receive a new prison term in this case of the greater of one year or the time remaining on the post-release control."
 {¶ 16} The Sentencing Entry, also filed on August 16, 2007, stated the following: *Page 5 
 {¶ 17} "This sentence includes 3 years of post-release control (PRC). Violation of PRC could result in additional prison time up to 50% of this sentence. If the violation is a new felony, the defendant could receive a new prison term in this case or the greater of one year or the time remaining on post-release control."
 {¶ 18} A review of the transcript of the change of plea hearing reveals that the trial court informed Appellant that he was subject to the imposition of three (3) years of post-release control. (T. at 12).
 {¶ 19} "THE COURT: Any time you go to prison and serve all your prison time, if that's what happens in this case, Mr. Moody, you can be put under a Post Release Control situation. I don't know that any of these necessarily require three years, some do if they are offenses of violence, but, in any event, they can impose a period of up to three years Post Release Control. Do you understand about Post Release Control?
 {¶ 20} "DEFENDANT: Yes, Sir.
 {¶ 21} "MR. TEFFNER: He's been through that process.
 {¶ 22} "THE COURT: Well, they have conditions, if you violate you can go back to prison. If you commit a new crime while you're on Post Release Control the judge can convert your Post Release Control time to prison time.
 {¶ 23} "Have you had a chance to go over the written summary of rights?"
 {¶ 24} "MR. TEFFNER: We have, Your Honor. May I approach?" (T. at 12).
 {¶ 25} Upon review, we find that while the plea form signed by Appellant overstated the potential post-release control term, Appellant was correctly informed that there was a potential for up to three (3) years of post release control, both on the record *Page 6 
and in the sentencing entry. It does not follow that Appellant would not have entered his plea if he knew he was only subject to three (3) years of post-release control instead of five (5) years.
 {¶ 26} Likewise, if Appellant signed said plea form believing that he was subject to a mandatory term of post-release control of five (5) years, we are not persuaded that he would not have entered his plea, if, in fact, he was only subject to the potential of a maximum of three (3) years.
 {¶ 27} We therefore find that Appellant was not prejudiced the error contained in the Admission of Guilt/Judgment Entry.
 {¶ 28} Appellant's first assignment of error is overruled.
 II. {¶ 29} In his second assignment of error, Appellant argues that he was denied the effective assistance of counsel. We disagree.
 {¶ 30} Appellant argues that his counsel was ineffective in representing to him that he was eligible for 242 days of jail time credit, when he was only entitled to 55 days.
 {¶ 31} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, in order to prevail on such a claim, Appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. See State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. *Page 7 
 {¶ 32} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142,538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. at 142,538 N.E.2d 373.
 {¶ 33} In order to warrant a reversal, Appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. A court may dispose of a case by first considering whether there was prejudice, if that would facilitate disposal of the case.Bradley, 42 Ohio St.3d at 143, 538 N.E.2d 373. Further, we note that a properly licensed attorney is presumed competent. See Vaughn v.Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164; State v. Calhoun,86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905.
 {¶ 34} Our review on appeal is limited to those materials in the record that were before the trial court. See, e.g., State v.DeMastry, 155 Ohio App.3d 110, 119-120, 799 N.E.2d 229, 2003-Ohio-5588, citing State v. Ishmail (1978), 54 Ohio St.2d 402, 8 O.O.3d 405,377 N.E.2d 500. The record before us does not contain any discussions or promises made with regard to jail time credit.
 {¶ 35} As this assignment constitutes evidence de hors the record, it is, therefore, inappropriate for a direct appeal. "In a direct appeal, this court's review is *Page 8 
limited to evidence presented at trial; we cannot consider matters outside the record before us." State v. Ishmail, supra. Such evidence is properly submitted in a petition for post-conviction relief.
 {¶ 36} We find that we must overrule Appellant's assignment of error because it is based on facts that are outside the record before this Court. See State v. Cooperrider (1983), 4 Ohio St.3d 226, 228,448 N.E.2d 452.
 {¶ 37} Appellant's second assignment of error is overruled.
 {¶ 38} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 By: Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1