DECISION AND JUDGMENT
{¶ 1} This appeal comes to us from a judgment issued by the Erie County Court of Common Pleas which found appellant, Christopher Trent, guilty of tampering with evidence, a violation of R.C. 2921.12(A)(1) and a felony of the third degree.
 {¶ 2} Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellate counsel, pursuant to the guidelines established in *Page 2 Anders v. California (1967), 386 U.S. 738. Counsel states that, after careful review of the record and legal research, he cannot discern any "arguable, non-frivolous issue for appeal." Anders, supra, at 744. Counsel further states that he has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has filed no brief on his own behalf.
 {¶ 3} We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights.
 {¶ 4} Upon consideration, we conclude that counsel's brief is consistent with the requirements set forth in Anders, supra andPenson v. Ohio (1988), 488 U.S. 75.
 {¶ 5} The facts giving rise to this appeal are as follows. On September 14, 2006, appellant was indicted for possession of crack cocaine and tampering with evidence. On September 20, 2006, appellant entered a guilty plea to the charge of tampering with evidence and the charge of possessing cocaine was dismissed. He was sentenced to serve three years in prison. Counsel for appellant sets forth three potential assignments of error:
 {¶ 6} "(I) The trial court abused its discretion when it imposed the agreed sentence upon the defendant.
 {¶ 7} "(II) Appellant was denied the effective assistance of counsel. *Page 3 
 {¶ 8} "(III) Whether the trial court committed error when it waived appellant's right to appeal the outcome of his plea."
 {¶ 9} In his first potential assignment of error, counsel contends that the court abused its discretion in sentencing appellant when it imposed the agreed-upon sentence.
 {¶ 10} R.C. 2953.08(D) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." A sentence is "authorized by law" as long as the prison term imposed does not exceed the maximum term prescribed by statute for the offense. See, e.g., State v. Dorsey, 7th Dist. No. 03-MA-151, 2004-Ohio-4822.
 {¶ 11} The sentence imposed in this case was less than the maximum allowable for a third-degree felony. Further, the record clearly reflects that the sentence was imposed by a sentencing judge following a joint recommendation by the state and the defense. Based on the foregoing, we find that the trial court did not abuse its discretion by imposing the agreed-upon sentence and, accordingly, counsel's first potential assignment of error is not well-taken.
 {¶ 12} In his second potential assignment of error, counsel contends that appellant was denied effective assistance of trial counsel. Specifically, counsel contends that appellant's trial counsel was ineffective for failing to inform appellant that the plea agreement did not guarantee appellant's release in 60 days. Counsel essentially argues *Page 4 
that trial counsel's failure to properly inform appellant led to his unknowing and involuntary plea.
 {¶ 13} To prevail on a claim of ineffective assistance of counsel, appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988),37 Ohio St.3d 153.
 {¶ 14} Judicial release "is distinct from sentencing because it operates to reduce a prison term the court has imposed." State v.White, 2d Dist. No. 04CA120, 2005-Ohio-5906, ¶ 22. Thus, it is not the sort of "effect of the plea" of which a defendant must be informed before entering a plea. As the Ohio Supreme Court has recognized, "a defendant who bases a plea decision on parole eligibility will often be relying on a factor beyond the prediction of defense counsel, and beyond the actual control of a defendant." State v. Xie (1992), 62 Ohio St .3d 521, 524-525. See State v. Mitchell, 11th Dist. No. 2004-T-0139,2006-Ohio-618, ¶ 14. Therefore, we do not find that appellant's trial counsel was ineffective. Moreover, we note that on the record, appellant stated that he *Page 5 
understood that early release was a possibility, not a guarantee. Counsel's second potential assignment of error is found not well-taken.
 {¶ 15} In his third potential assignment of error, counsel questions whether the right to appeal is waivable.
 {¶ 16} It is well established that there is no federal constitutional right to an appeal. Abney v. United States (1977), 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651; McKane v. Durston (1894), 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867. In Ohio, the right to an appeal is a creature of statute. R.C. 2953.02. Courts which have examined this issue have reasoned that since a constitutional right may be waived, the statutorily created right to appeal may also be waived. United States v.Navarro-Botello (C.A.9, 1990), 912 F.2d 318; United States v.Wiggins (C.A.4, 1990), 905 F.2d 51.
 {¶ 17} For purposes of this case, we note that upon the entry of a guilty plea, a defendant waives any and all appealable errors that might have occurred during the trial court proceedings, unless he or she demonstrates that the alleged errors precluded him or her from entering a knowing, voluntary plea. State v. Barnett (1991), 73 Ohio App.3d 244,248, citing State v. Kelley (1991), 57 Ohio St.3d 127. In the present case, appellant has not shown any error in the proceedings that may have precluded him from entering a knowing and voluntary plea. Counsel's third potential assignment of error is found not well-taken.
 {¶ 18} In addition, we have conducted our own independent and thorough review of the record to determine whether the trial court proceedings were free from prejudicial *Page 6 
error and conducted without infringement of appellant's constitutional rights. We find no such error.
 {¶ 19} We conclude, therefore, that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is hereby granted.
 {¶ 20} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1