[Cite as *State v. Johnson*, 2012-Ohio-3542.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11CA92 |
| PATRICK A. JOHNSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Richland County Court of
                                 Common Pleas, Case No. 2011CR0417D


JUDGMENT:                        AFFIRMED


DATE OF JUDGMENT ENTRY:          July 27, 2012


APPEARANCES:

For Appellant:                        For Appellee:

RYAN M. HOOVLER                       JAMES J. MAYER, JR.
13 Park Ave. West, Suite 300          RICHLAND COUNTY PROSECUTOR
Mansfield, OH 44902                   JILL M. COCHRAN
                                      38 South Park Street
                                      Mansfield, OH 44902

*Delaney, J.*

{¶1} Appellant Patrick A. Johnson appeals from the sentencing entry of the Richland County Court of Common Pleas sentencing him to a prison term of four years upon his conviction of one count of domestic violence, a felony of the third degree. Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's original conviction is unnecessary to our disposition of this appeal.

{¶3} Appellant was originally charged by criminal complaint with one count of domestic violence as a felony of the fourth degree pursuant to R.C. 2919.25.[1] Appellant waived his preliminary hearing and the case was bound over to the Richland County Grand Jury.

### Appellant Enters a Plea of Guilty to a Bill of Information

{¶4} On July 25, 2011, appellee entered a Bill of Information charging appellant with domestic violence as a felony of the third degree, noting appellant has been convicted of or pleaded guilty to two or more domestic violence offenses or two or more violations described in R.C. 2919.25(D)(3) involving persons who were family or household members.

---

[1] The affidavit underlying the complaint noted appellant has previously been convicted of domestic violence.

{¶5} On July 28, 2011, appellant waived indictment and entered a plea of guilty upon the bill of information. Appellee noted at the plea hearing that the state would recommend a community control sanction if the victim agreed to community control on the record. The trial court acknowledged this offense is a third-degree felony because appellant has two prior domestic violence convictions and one conviction of violation of a protection order.

{¶6} The trial court further advised appellant of the maximum possible prison term of 5 years and a $10,000 fine, and noted appellee's recommendation of community control was not binding upon the court. Specifically, the trial court stated any violations of the no-contact order could result in the court refusing to follow appellee's recommendation. Appellant stated he understood.

{¶7} The victim stated on the record at the change of plea that she approved of the community control sanction.

{¶8} Appellant entered a plea of guilty to the third-degree felony offense of domestic violence, and the trial court set the matter for sentencing. The court also requested a pre-sentence investigation (P.S.I.) in the meantime.

*Appellant is Sentenced to a Prison Term of 4 Years*

{¶9} Appellant returned for sentencing on September 12, 2011. The trial court opened the hearing by noting the P.S.I. found appellant to be a high risk to re-offend; further, "[t]he domestic violence index shows him at maximum risk for violence and control, problem risk for alcohol."

{¶10} More importantly, however, the trial court noted appellant was noncompliant with the no-contact order: the trial court had nine pages of phone calls

placed by appellant from jail to the victim, totaling 17 hours. The defense interjected that appellant and the victim are married but separated and are trying to reconcile.

{¶11} The trial court found appellant violated the conditions and proceeded to detail appellant's history of violence, which includes convictions for domestic violence, assault, and violation of protection order against multiple victims.

{¶12} The trial court then sentenced appellant to a prison term of four years and renewed the no-contact order with the victim.

*Appellant's Motion to Withdraw Plea and Two Notices of Appeal*

{¶13} On September 28, 2011, appellant filed a *pro se* motion to withdraw his guilty plea, arguing he entered a guilty plea on the basis of receiving a community control sanction. Appellee filed an objection in response.

{¶14} On October 6, 2011, appellant filed a *pro se* notice of appeal from the trial court's sentencing entry of September 12 (*sic*), 2011.[2]

{¶15} On November 3, 2011, the trial court overruled appellant's motion to withdraw plea.

{¶16} On November 14, 2011, appellate counsel filed a second notice of appeal on appellant's behalf, also from the trial court's sentencing entry of September 13.

{¶17} Appellant then moved to supplement the record with appellant's *pro se* motion to withdraw his plea, appellee's response, and the trial court's entry overruling the motion. We overruled appellant's motion to supplement, noting the trial court may have lacked jurisdiction to rule on the motion to withdraw plea because the notice of appeal had already been filed and no party sought remand for the trial court to rule.

---

[2] The trial court's sentencing entry was filed on September 13, 2011.

Further, the entry noted appellant did not appeal from the trial court's entry overruling the motion to withdraw plea, and therefore that entry is not relevant to the appeal.

{¶18} On March 19, 2011, appellant moved to remand the case to the trial court to rule upon the motion to withdraw plea. We overruled the motion to remand.

{¶19} Appellant now appeals from the trial court's sentencing entry of September 13, 2011.

{¶20} Appellant raises two Assignments of Error:

{¶21} "I.    DEFENDANT/APPELLANT    WAS    DENIED    EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND BUT FOR TRIAL COUNSEL'S DEFICIENT PERFORMANCE DEFENDANT/APPELLANT WOULD HAVE REQUESTED AND TIMELY FILED A CRIMINAL RULE 32.1 MOTION TO WITHDRAW HIS GUILTY PLEA."

{¶22} "II.    THE    TRIAL    COURT    ERRED    IN    DENYING DEFENDANT/APPELLANT'S *PRO SE* CRIMINAL RULE 32.1 POST-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA."

{¶23} This case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

> (E)  Determination and judgment on appeal.
>
> The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

{¶24} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶25} This opinion is rendered with these precepts in mind.

I.

{¶1} Appellant claims in his first assignment of error he received ineffective assistance of trial counsel, inferring trial counsel "knew of facts and circumstances before the sentencing of [appellant] that the [appellant] had no knowledge of." We disagree.

{¶2} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶3} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶4}　Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. We need not examine counsel's performance if appellant fails to establish the second prong of prejudicial effect. *State v. Bradley,* 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

{¶5}　Appellant's argument is based entirely upon speculation due to a statement by defense counsel at sentencing. After asking the trial court to follow appellee's recommendation from the change-of-plea hearing, counsel continued, "I do understand the biggest issue that has come up since then is that there have been phone calls made from the jail." On the basis of this statement alone, appellant infers counsel was ineffective because he should have informed appellant of the ramifications of the contact, discussed the matter with appellant, and given appellant the opportunity to request a withdrawal of his plea.

{¶6}　We decline to speculate on counsel's conversations with and advice to appellant. See, *State v. Moody*, 5th Dist. No. 07 CA 78, 2008-Ohio-3650, ¶ 34 ("Our review on appeal is limited to those materials in the record that were before the trial court.") The record does establish appellant violated the express no-contact order of the trial court, which was one of the trial court's stated preconditions for accepting appellee's recommendation of community control.

{¶7}　Nor is there any evidence of prejudice to appellant by any speculative action or inaction of his trial counsel. Appellant was aware that if he violated the terms

of the no contact order with the victim, the court may not follow the sentence recommendation. Nor was the trial court required to grant a motion to withdraw the plea if counsel had in fact failed to discuss the court's knowledge of the phone calls with appellant.

{¶8}  Appellant's first assignment of error is overruled.

II.

{¶9}  In his second assignment of error, appellant challenges the trial court's decision overruling his motion to withdraw his guilty plea.  As discussed *supra* in the statement of facts, appellant did not appeal from the entry and it is not properly before this Court.

{¶10} We therefore decline to address appellant's second assignment of error.

{¶11} Appellant's second assignment of error is overruled.

{¶12} Having overruled both of appellant's assignments of error, the judgment of the Richland County Court of Common Pleas is therefore affirmed.

By: Delaney, P.J.
Wise, J. and
Edwards, J. concur.

_____
 HON. PATRICIA A. DELANEY

_____
 HON. JOHN W. WISE

_____
 HON. JULIE A. EDWARDS

[Cite as *State v. Johnson*, 2012-Ohio-3542.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PATRICK A. JOHNSON | : | |
| | : | |
| | : | Case No. 11CA92 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant.

HON. PATRICIA A. DELANEY

HON. JOHN W. WISE

HON. JULIE A. EDWARDS