[Cite as *State v. Arledge*, 2019-Ohio-3147.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-12-024 |
| | : | O P I N I O N |
| - vs - | | 8/5/2019 |
| | : | |
| GLENN T. ARLEDGE, JR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 18-500-303

Richard W. Moyer, Clinton County Prosecuting Attorney, Katie Wilkin, 103 East Main Street, Wilmington, Ohio 45177, for appellee

Tyler J. Hoffer, 530 North Broadway, Lebanon, Ohio 45036, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Glenn T. Arledge, Jr., appeals from the conviction and prison sentence he received in the Clinton County Court of Common Pleas after he pled guilty to reckless homicide. For the reasons outlined below, we affirm.

**Statement of the Case**

{¶ 2} In June 2018, the Clinton County Grand Jury returned an indictment, under a separate case number, charging appellant with two offenses: involuntary manslaughter, a third-degree felony, and permitting drug abuse, a first-degree misdemeanor. Subsequently, in the instant case, the state additionally charged appellant, through a bill of information, with reckless homicide, also a third-degree felony. All charges arose from an incident in which appellant's friend fatally overdosed on drugs. Instead of offering any type of aid, appellant recorded a video of his friend's distress and then waited several hours before calling for emergency medical assistance. By the time emergency personnel arrived, the friend could not be saved.

{¶ 3} In September 2018, appellant entered into a plea agreement in which he agreed to plead guilty to reckless homicide in exchange for the dismissal of the other two counts. After conducting the necessary Crim.R. 11(C) plea colloquy, the trial court accepted appellant's guilty plea. The trial court sentenced appellant to 24 months in prison and notified appellant that the adult parole authority may impose a three-year period of postrelease control following his release from prison.

{¶ 4} Appellant now appeals, raising two assignments of error for review.

**Appeal**

{¶ 5} Assignment of Error No. 1:

{¶ 6} INEFFECTIVE ASSISTANCE OF COUNSEL

{¶ 7} In the first assignment of error, appellant argues that his trial counsel provided him with ineffective assistance of counsel by not advising him of a potential defense to the reckless homicide offense. Specifically, appellant argues that his counsel failed to advise him that he could potentially defend against the charge by claiming he did not have a duty to render aid to the victim pursuant to Ohio's tort law. We find no merit to appellant's

argument.

{¶ 8} A defendant in a criminal trial has the right, under both the United States and Ohio Constitutions, to effective assistance of counsel. *State v. Villani*, 12th Dist. Butler No. CA2018-04-080, 2019-Ohio-1831, ¶ 9. The defendant bears the burden of proving that his trial counsel was ineffective. *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 142. To prevail on an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that (1) his counsel's performance was deficient and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty. *State v. Bird*, 81 Ohio St.3d 582, 585 (1998). Deficient performance is defined as performance that fell below an objective standard of reasonableness. *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 97. Appellant's failure to satisfy one prong will negate this court's need to consider the other prong. *State v. Madrigal,* 87 Ohio St.3d 378, 389 (2000). This court will strongly presume that trial counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7.

{¶ 9} Appellant has failed to demonstrate deficiency for two reasons. First, there is nothing in the record that shows appellant was or was not advised of this potential defense. For this court to properly review the claim, the "alleged ineffective assistance of counsel must be apparent from the record on appeal." *State v. Harris*, 12th Dist. Butler No. CA2018-04-076, 2019-Ohio-1700, ¶ 22, citing *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). "Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the postconviction remedies of R.C. 2953.21." *State v. Coleman*, 85 Ohio St.3d 129, 134 (1999).

{¶ 10} Second, appellant has not cited to any authority to prove that the duty of care as comprehended under Ohio tort law would be a viable defense in a criminal prosecution

for reckless homicide. The Ohio Supreme Court has held that a defendant does not have a constitutional right to determine strategy, *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, ¶ 150, and "[d]ecisions about 'the viability of certain defenses' are 'within the exclusive province of defense counsel to make after consultation with his client.'" *State v. Murphy*, 91 Ohio St.3d 516, 524 (2001), quoting *Lewis v. Alexander*, 11 F.3d 1349, 1354 (6th Cir.1993). This alleged strategic deficiency is further militated against by the fact that appellant faced other charges, i.e. involuntary manslaughter, in which the duty of care defense seems even less viable. Again, appellant has not shown in the record that his trial counsel did not competently advise him of potential and viable defenses to all the charged offenses. Therefore, under these facts, appellant has not proven that his trial counsel was deficient.

{¶ 11} Regardless, even if we were to find appellant's trial counsel was deficient, appellant has not shown by reasonable probability that he would not have pled guilty if his counsel had not made the alleged error. Thus, appellant has failed to show any resulting prejudice. Appellant pled guilty to the reckless homicide offense in exchange for the state's agreement to dismiss the two other pending offenses: involuntary manslaughter and permitting drug abuse. As this court has previously held, counsel's advice to take a plea deal is not ineffective assistance of counsel. *State v. Sturgill,* 12th Dist. Clermont No. CA2014-09-066, 2015-Ohio-1933, ¶ 20. Appellant received the benefit of the bargain. If appellant decided to instead go to trial, the state would have had the option to pursue all three charges. Appellant has therefore failed to demonstrate that he would not have pled guilty but for his counsel's alleged deficiency. Accordingly, finding no merit to any of the arguments raised herein, appellant's first assignment of error is without merit and overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE CLINTON COUNTY COMMON PLEAS COURT'S FINDINGS WERE

NOT SUPPORTED BY THE RECORD AND THE SENTENCING FACTORS WERE NOT PROPERLY CONSIDERED.

{¶ 14} In the second assignment of error, appellant presents two separate issues. First, appellant argues the trial court erred when it found appellant guilty because appellant did not owe a duty of care to the victim and therefore was not criminally liable. Second, appellant contends that the trial court improperly considered the "sentencing factors promulgated in O.R.C. 2929.11" when it imposed a prison sentence instead of community control. Again, we find no merit to either of appellant's arguments.

{¶ 15} We first address appellant's claim that the trial court improperly found appellant guilty. This court has previously held that by pleading guilty, a criminal defendant has "waived the right to require the state to prove his guilt beyond a reasonable doubt," and the plea, itself, "provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction." *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 16. This concept is also reflected in the Rules of Criminal Procedure, wherein the effect of a guilty plea is defined as a "complete admission of the defendant's guilt." Crim.R. 11(B)(1); *See also State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 14 (a guilty plea, absent an assertion of actual innocence, is an admission of guilt). Therefore, contrary to appellant's claim, a trial court has no obligation to inquire further into the factual basis of the charged offense when a defendant pleads guilty to a felony offense. *State v. Taylor*, 12th Dist. Warren No. CA2011-08-054, 2011-Ohio-6797, ¶ 7; *accord State v. Pearce*, 12th Dist. Clermont No. CA2013-01-001, 2013-Ohio-3484, ¶ 8-10.

{¶ 16} Furthermore, a trial court does not have to engage in a detailed recitation of the elements of the offense to demonstrate the defendant's understanding of the charge, *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 57, nor do the Rules of Criminal Procedure require the court to explain possible defenses to the charged offense during the

plea colloquy. *See* Crim.R. 11. Here, the record demonstrates that the trial court provided appellant a full and proper plea colloquy as required for felonies in Crim.R. 11(C). During this exchange appellant acknowledged that he understood his constitutional rights, the nature of the charge, the effect of the plea, and the potential punishments to which he was subject. Therefore, we find that appellant's guilty plea was properly accepted and that the trial court's finding of guilt was not contrary to law. Appellant's claim otherwise lacks merit.

**{¶ 17}** Next, we address the issue of sentencing. R.C. 2953.08(G)(2) provides the standard of review for felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a felony sentence only if the appellate court "clearly and convincingly finds that the sentence is (1) contrary to law and/or (2) unsupported by the record." *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, ¶ 1, citing *Marcum* at ¶ 7. As this court has previously held, "[a]n appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

**{¶ 18}** Appellant contends that the court should have imposed the minimum sanction by law, that is community control, rather than sentencing him to prison. However, contrary to appellant's claim, the trial court has discretion to determine which sentence, from all the available sanctions, will satisfy Ohio's felony sentencing statutes. *State v. Spencer,* 12th Dist. Butler No. CA2018-10-202, 2019-Ohio-2160, ¶ 12. Specifically, as set forth in R.C. 2929.11(A),

> [t]he overriding purposes of felony sentencing are to protect the
> public from future crime by the offender and others, to punish
> the offender, and to promote the effective rehabilitation of the

offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

R.C. 2929.12 aids the court in complying with the overriding purposes of felony sentencing set forth in R.C. 2929.11 by providing a list of factors for the court to determine the seriousness of the offense vis-à-vis other perpetrations of the same offense and the offender's likelihood to commit further crime. The only requirement is that the court *consider* the factors provided in R.C. 2929.12 and conform to the purposes of sentencing as provided in R.C. 2929.11. *State v. King*, 12th Dist. Butler No. CA2018-05-101, 2019-Ohio-1492, ¶ 9.

**{¶ 19}** While appellant may disagree with the trial court's balancing of the factors, that does not mean the court erred when it imposed the sentence. *State v. Hutchinson*, 12th Dist. Butler No. CA2018-11-211, 2019-Ohio-2789, ¶ 9. As part of its discretion, the trial court "determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances" when imposing the sentence. *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18. A trial court is also "not required to provide a rationale for its sentencing decision." *State v. Gilmore*, 12th Dist. Butler No. CA2018-06-118, 2019-Ohio-1046, ¶ 10.

**{¶ 20}** Here, the record shows that the trial court properly considered the sentencing factors of R.C. 2929.12 and the purposes of felony sentencing pursuant to R.C. 2929.11. Before pronouncing the sentence, the trial court twice reiterated that it had considered the purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Specifically, the trial court stated:

> [Court]: After considering the factors set forth under 2929.12, the Court finds that a combination of community control would not be appropriate in this case and would be inconsistent with

> the purposes and principles set forth in 2929.11. The Court finds that community control would not adequately punish the Defendant nor protect the public from a future crime by this Defendant and others. And that community control sanctions would not be commensurate with and would demean the seriousness of the Defendant's conduct committing this offense. This matter was a tragic event for the victim in this case, Mr. Cox. And in some respects, it was tragic for Mr. Arledge. However, the Court has to deal with Mr. Arledge's actions today.

The trial court incorporated its consideration of R.C. 2929.11 and 2929.12 into its judgment entry. The record therefore clearly demonstrates that the trial court considered the necessary sentencing statutes prior to issuing its sentencing decision.

{¶ 21} Moreover, the sentence imposed by the trial court was not otherwise contrary to law. Appellant's offense constituted a third-degree felony. As a result, the trial court could have sentenced appellant to a maximum 36-month prison term. See R.C. 2929.14(A)(3)(b). The trial court instead exercised its discretion by sentencing appellant to a lesser 24-month prison term. The trial court also correctly imposed postrelease control. There was therefore nothing infirm about the trial court's sentencing decision. Accordingly, finding no merit to any of the arguments raised herein, appellant's second assignment of error is overruled.

{¶ 22} Judgment affirmed.


HENDRICKSON, P.J., and M. POWELL, J., concur.