[Cite as *State v. Foster*, 2024-Ohio-6055.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-04-053 |
| | : | O P I N I O N |
| - vs - | | 12/30/2024 |
| | : | |
| WILEY L. FOSTER, JR., | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR 2020 07 0871


Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Engel & Martin, LLC, and Mary K. Martin, Esq.


**HENDRICKSON, J.**

{¶ 1}   Appellant, Wiley L. Foster, Jr., appeals from a decision of the Butler County Court of Common Pleas denying his postsentence motion to withdraw his guilty plea.  For the reasons set forth below, we affirm the trial court's decision.

{¶ 2} On August 13, 2021, pursuant to plea negotiations, appellant pled guilty to involuntary manslaughter, two counts of aggravated burglary, two counts of aggravated robbery, and tampering with evidence. All of the foregoing charges, except the tampering with evidence charge, were accompanied by a firearm specification. Pursuant to the plea agreement,

> The State of Ohio and the Defendant agree to amend Count One (1) [from murder] to Involuntary Manslaughter (F1); [t]he defendant further agrees to waive all appellate rights relating to this agreement and plea hearing. The Defendant and the State of Ohio agree to a jointly stipulated prison sentence of 28 years, and the Defendant further agrees that he will never be granted judicial release. Defendant also agrees to the 5.5 year indefinite tail sentence.

The trial court accepted appellant's guilty plea following a Crim.R. 11(C) colloquy. During the colloquy, the court confirmed with appellant that he would be waiving his appellate rights, stating, "I noted . . . that you are agreeing that you're going to waive your appellate rights relating to this agreement and plea hearing, and is that your understanding as well, sir?" Appellant responded, "Yes." At sentencing the court imposed the agreed-upon prison sentence of 28 to 33.5 years.

{¶ 3} Appellant did not timely appeal his conviction or sentence. Rather, after a ten-month delay, he filed a motion for leave to file a delayed appeal. His motion for a delayed appeal was denied by this court. *See State v. Foster*, Butler CA2022-08-073 (Sept. 14, 2022) (Entry Denying Motion for Delayed Appeal).

{¶ 4} On February 20, 2024, two-and-one-half years after sentencing, appellant filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1, arguing his plea was "non-performable," the plea was unknowing and involuntary because it was "non-performable," his counsel was unconstitutionally ineffective for allowing him to enter a "non-performable" plea, and the prosecutor had engaged in misconduct. Appellant's

claim that his plea was "non-performable" centered around his interpretation of *State v. Gwynne*, 2019-Ohio-4761, ¶ 8, wherein the Supreme Court held that "[t]he parties to a plea agreement may neither waive nor confer subject-matter jurisdiction on a court of appeals." Appellant interpreted this statement in *Gwynne* to mean that he could not personally waive his right to appeal. He therefore argued he should have been permitted to challenge whether some of his offenses were allied and whether his sentence was unfair, given that his sentence "was not even close to codefendants after their charges were the same." The state filed a memorandum in opposition to appellant's motion. The trial court denied the motion without holding a hearing.

{¶ 5} Appellant appealed, raising the following as his sole assignment of error:

{¶ 6} THE TRIAL COURT IMPROPERLY DENIED APPELLANT'S REQUEST TO WITHDRAW HIS PLEA.

{¶ 7} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before a sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A defendant who seeks to withdraw a guilty plea post-sentence has the burden of establishing the existence of a manifest injustice." *State v. Owens*, 2022-Ohio-160, ¶ 31 (12th Dist.). "To prove a manifest injustice, the defendant must show a 'fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process.'" *State v. Tringelof*, 2017-Ohio-7657, ¶ 10 (12th Dist.), quoting *State v. Hobbs*, 2013-Ohio-3089, ¶ 9 (12th Dist.). "This sets forth an extremely high standard that is allowable only in extraordinary cases." *State v. Miller*, 2017-Ohio-2801, ¶ 15 (12th Dist.).

{¶ 8} "A trial court's decision regarding a post-sentence motion to withdraw a guilty plea is reviewed on appeal under an abuse of discretion standard." *State v. Rose*,

2010-Ohio-5669, ¶ 15 (12th Dist.). An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *State v. Robinson*, 2013-Ohio-5672, ¶ 14 (12th Dist.).

{¶ 9} As an initial matter, we note that there is no federal constitutional right to an appeal. *Abney v. United States*, 431 U.S. 651 (1977); *McKane v. Durston*, 153 U.S. 684 (1894). "'In Ohio, the right to an appeal is a creature of statute. R.C. 2953.02. Courts . . . have reasoned that since a constitutional right may be waived, the statutorily-created right to appeal may also be waived.'" *State v. Williams*, 2006-Ohio-6581, ¶ 12 (8th Dist.), quoting *N. Olmsted v. Reagan*, 2022-Ohio-4426, ¶ 6 (8th Dist.). *See also State v. Horton*, 2017-Ohio-8549, ¶ 17 (10th Dist.); *State v. Trent*, 2009-Ohio-508, ¶ 16 (6th Dist.).

{¶ 10} Appellant, now represented by counsel, acknowledges that "there are ways to limit and/or waive one's right to an appeal." Nonetheless, appellant argues that he should have been permitted to withdraw his guilty plea because he did not knowingly and intelligently waive his right to appeal. He contends that the trial court should have done more to make sure he understood the rights he was waiving. He further argues that his trial counsel's representation was deficient as counsel should have "explained clearly" the appellate rights he was waiving.

{¶ 11} "It is well settled that issues not raised in the trial court may not be raised for the first time on appeal." *State v. Marshall*, 2024-Ohio-4445, ¶ 26 (12th Dist.). Appellant's motion to withdraw his guilty plea did not set forth a challenge to the validity of his Crim.R. 11(C) plea colloquy on the basis that he was not adequately advised by the trial court of the appellate rights he was waiving. Similarly, his ineffective assistance of counsel arguments did not set forth a claim that counsel failed to advise him of the appellate rights he was waiving. Rather, appellant's motion was limited to arguing that a waiver of appellate rights was "non-performable," or prohibited by the Supreme Court's

decision in *Gwynne*, and trial counsel was deficient for allowing him to enter a "non-performable" plea. Because appellant did not challenge the validity of his Crim.R. 11(C) plea colloquy or trial counsel's alleged failure to advise of the appellate rights being waived by the plea in his motion to withdraw his guilty plea, those issues are not properly before us. *See Marshall* at ¶ 26*; State v. Heiser-Mullins*, 2024-Ohio-5360, ¶ 22 (12th Dist.).[1]

{¶ 12} However, even if the issues were properly before us, appellant's arguments fail. First, appellant's argument that the trial court failed to comply with Crim.R. 11(C) is an argument barred by res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis deleted.) *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 13} An appeal waiver does not preclude a defendant from appealing the validity of the waiver itself. "Most fundamentally, courts agree that defendants retain the right to challenge whether the [appeal] waiver itself is valid and enforceable—for example, on the grounds that it was unknowing or involuntary." *Garza v. Idaho*, 586 U.S. 232, 239 (2019).

---

1. We note that in *State v. Gwynne*, 2019-Ohio-4761, the Ohio Supreme Court recognized that R.C. 2953.08(A) grants a court of appeals subject-matter jurisdiction to hear a defendant's appeal of a felony sentence as a matter of right, but "the legislature may grant or divest the court of appeals of jurisdiction." *Id.* at ¶ 9. For instance, the court noted, R.C. 2953.08(D)(1) places a "'statutory limit on a court of appeals' jurisdiction to hear an appeal.'" *Id.* at ¶ 9, fn. 1, quoting *State v. Noling*, 2013-Ohio-1764, ¶ 22. R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In the present case, the trial court imposed a sentence that is authorized by law and was jointly recommended by the parties. As such, appellant's sentence is not subject to review under R.C. 2953.08(D)(1).

Because appellant could have challenged the plea colloquy he received as being inadequate on direct appeal but did not, his arguments are barred by res judicata.

{¶ 14} As for appellant's ineffective assistance of counsel claim, we find that appellant failed to set forth facts demonstrating the deficiency prong of the ineffective-assistance-of-counsel test. "To prevail on an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that (1) his counsel's performance was deficient and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty." *State v. Arledge*, 2019-Ohio-3147, ¶ 8 (12th Dist.), citing *State v. Bird*, 81 Ohio St.3d 582, 585 (1998). The failure to make an adequate showing on either prong is fatal to a defendant's claim of ineffective assistance of counsel. *State v. Leonicio*, 2023-Ohio-2433, ¶ 24 (12th Dist.).

{¶ 15} "Deficient performance is defined as performance that fell below an objective standard of reasonableness." *Arledge* at ¶ 8, citing *State v. Jackson*, 2016-Ohio-5488, ¶ 97. "This court will strongly presume that trial counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgement.'" *Id.*, quoting *State v. Burns*, 2014-Ohio-4625, ¶ 7 (12th Dist.).

{¶ 16} Other than what transpired at the plea hearing, the record before us is silent as to what advice or information defense counsel imparted to appellant regarding the waiver of appellate rights. Appellant failed to submit an affidavit or other evidence in support of his motion to withdraw his plea that would address this issue. "This court cannot speculate on trial counsel's knowledge, conversations with appellant, or plea advice to appellant." *Leonicio* at ¶ 27, citing *State v. Johnson*, 2012-Ohio-3542, ¶ 31 (5th Dist.). From what does appear in the record, it is apparent that the waiver of appellate rights was part of the negotiated plea bargain, the waiver of appellate rights was discussed in the signed written plea form, and, in entering his guilty plea, appellant

indicated he understood the agreement, his counsel had answered "any questions about anything contained in the document," and he was satisfied with his counsel's advice. Appellant has therefore failed to present evidence demonstrating trial counsel's performance was deficient.

{¶ 17} Accordingly, we find that appellant has not met his burden of establishing the existence of a manifest injustice that would necessitate the withdrawal of his guilty plea. The trial court did not abuse its decision in denying appellant's motion to withdraw his guilty plea, and appellant's sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

BYRNE, P.J., and PIPER, J., concur.