[Cite as *State v. Miller*, 2017-Ohio-2801.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2016-08-057 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>5/15/2017 |
| - vs - | : | |
| | : | |
| TODD E. MILLER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013 CR 0749

D. Vincent Faris, Clermont County Prosecuting Attorney, Katherine Terpstra, 76 South Riverside Drive, Batavia, Ohio 45103, for plaintiff-appellee

Todd E. Miller, #A709617, Chillicothe Correctional Institution, 15802 State Route 104, North Chillicothe, Ohio 45601, pro se

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Todd E. Miller, appeals from the decision of the Clermont County Court of Common Pleas denying his most recent pro se post-sentence motion to withdraw his guilty plea. For the reasons outlined below, we affirm.

{¶ 2} On January 30, 2014, the Clermont County Grand Jury returned a four-count indictment charging Miller with, among other things, illegal manufacture of drugs in violation

of R.C. 2925.04(A), a first-degree felony in accordance with R.C. 2925.04(C)(3)(b). According to the bill of particulars, the charge arose after the Clermont County Narcotics Unit executed a search warrant at a residence located at 807 Greenwood Lane, Clermont County, Ohio, where they discovered Miller engaged in the manufacturing of methamphetamine within 1000 feet of a school zone. At the time the search warrant was executed, it is undisputed that 280 children were present at that nearby school.

{¶ 3} On February 7, 2014, Miller, represented by counsel, filed a suggestion of incompetence requesting the trial court to order a clinical examination of Miller to determine his competence to stand trial. Several days later, on February 11, 2014, Miller, again through counsel, filed a motion requesting the trial court order a psychiatric evaluation of Miller to determine his then present mental condition. The following day, on February 12, 2014, the trial court granted Miller's motion ordering a psychiatric examination of Miller's present mental condition. The trial court further ordered the examiner who conducted the psychiatric examination to provide a written report providing his or her opinion as to whether Miller was competent to stand trial and, if not, whether Miller could be returned to competency within one year.

{¶ 4} On February 28, 2014, the trial court held a hearing on the issue of Miller's competency to stand trial. At this hearing, the parties stipulated to the contents and the admissibility of a report submitted by Dr. Emily Davis, Psy.D. a doctor with Summit Behavioral Healthcare ("SBH"), that Miller was, at that time, incompetent to stand trial. As a result, based on the stipulation of the parties, the trial court found Miller was not competent to stand trial. The trial court, however, determined that there was a substantial probability that Miller would become competent to stand trial within one year if he was provided with an appropriate course of treatment. Therefore, the trial court ordered Miller to undergo treatment at SBH for a period not to exceed six months.

{¶ 5} On April 17, 2014, the trial court received a letter from SBH requesting authorization to involuntarily medicate Miller in an effort to restore his competency to stand trial. Approximately one week later, on April 23, 2014, the trial court held a hearing on the matter. At this hearing, the parties stipulated to a report from Dr. Elizabeth Gilday, M.D., also a doctor with SBH, who noted Miller's need to be medicated in order to regain his competency to stand trial. As noted by the trial court in its entry, at that hearing, Miller stipulated to the following:

> [T]he defendant stipulated he is facing serious criminal charges, that the medications would substantially likely render the defendant competent to stand trial, that the treatment is medically appropriate, and that the medication is substantially unlikely to have side effects that would interfere significantly with the defendant's ability to assist counsel in his own defense, and thus undermine the fairness of the trial. Further, in taking account of less intrusive alternatives, the defendant stipulated that the administration of the medication is necessary to further important governmental trial-related interests.

{¶ 6} Due to Miller's stipulations, which are supported by the record, as well as Dr. Gilday's report and testimony about the medications needed to restore Miller's competency, the trial court granted SBH's request to involuntarily medicate Miller with the specific medications provided in Dr. Gilday's report should Miller later refuse to the administration of those named medications.

{¶ 7} On July 3, 2014, the trial court held another hearing on the issue of Miller's competency to stand trial. At this hearing, the parties stipulated to the contents and admissibility of a report by Dr. Charles Lee, Ed.D, yet another doctor with SBH, that Miller's competency to stand trial had successfully been restored. As a result, the trial court found Miller was now competent to stand trial. The trial court then ordered Miller returned to SBH for the continued administration of his medications, or other treatment, in order to maintain Miller's competency until trial.

**{¶ 8}** On August 25, 2014, instead of going to trial, Miller entered into a plea agreement and pled guilty to illegal manufacture of drugs in exchange for the remaining charges being dismissed. After engaging Miller in a full Crim.R. 11 plea colloquy, the trial court accepted Miller's guilty plea upon finding he entered the plea knowingly, intelligently, and voluntarily. Thereafter, on October 1, 2014, the trial court sentenced Miller to serve a mandatory term of seven years in prison and ordered him to pay court costs. The trial court also suspended Miller's driver's license for a period of three years and notified him that he would be subject to a mandatory term of five years of postrelease control following his release from prison. Miller did not file an appeal from his conviction or sentence.

**{¶ 9}** Nearly a year later, on September 8, 2015, Miller filed a pro se motion to dismiss all charges. In support of this claim, Miller cited extensively to the Uniform Commercial Code, the Congressional Act of 1871, and the Buck Act of 1940, among others, alleging the trial court had no jurisdiction over him because he was a sovereign citizen who was not subject to prosecution by the state of Ohio. Construing Miller's motion as a petition for postconviction relief, the trial court denied Miller's petition on November 4, 2015 upon finding Miller had presented "no cogent, clear, logical, or convincing basis" to grant the requested relief. The trial court further stated:

> The majority of the defendant's motion seems to be premised on the fact that he is not a citizen of the United States or the State of Ohio; however, he fails to present evidence of this fact. If he wishes to revoke his citizenship, he is certainly free to do so, but at the time he committed the offense in question, at the time he entered a plea of guilty, and at the time he was sentenced, there was no issue raised in terms of his citizenship. Further, the defendant seems to rely heavily on the UCC in support of his argument; however, the UCC is civil in nature, and has no bearing on criminal law.

Miller did not appeal from the trial court's decision.

**{¶ 10}** Several weeks after the trial court issued this decision, on December 22, 2015,

- 4 -

Miller filed a pro se post-sentence motion to withdraw his guilty plea alleging he received ineffective assistance of counsel. In support of this motion, Miller alleged his trial counsel was ineffective for not filing a motion to suppress, not investigating the plea agreement further, and by "manipulating" him to accept the plea deal knowing he was "not in his correct frame of mind" since he was "under the influence of a psychotropic drug." Miller further alleged that he should be permitted to withdraw his plea since he was not competent to stand trial at the time he entered his guilty plea. According to Miller, this rendered his guilty plea void in that it was not knowingly, intelligently, and voluntarily entered. The trial court denied Miller's motion on February 29, 2016 upon finding Miller's claims were not supported by the record and were otherwise barred by the doctrine of res judicata. Miller did not appeal from the trial court's decision.

{¶ 11} On May 18, 2016, Miller filed another pro se post-sentence motion to withdraw his guilty plea alleging the same basic claims regarding ineffective assistance of counsel and of his competency to stand trial. According to Miller, he filed this new motion to allow the trial court to again reconsider its earlier decision finding he was competent to stand trial prior to him entering his guilty plea and to reevaluate whether he received ineffective assistance of counsel. The trial court denied Miller's motion on July 22, 2016 after again finding Miller's claims were not supported by the record and were otherwise barred by the doctrine of res judicata.

{¶ 12} Miller now appeals from the trial court's decision denying his most recent pro se post-sentence motion to withdraw his guilty plea, raising the following single assignment of error for review.

{¶ 13} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO WITHDRAW PLEA PURSUANT TO CRIMINAL RULE 32.1 WITHOUT A HEARING AND ON THE BASIS OF RES JUDICATA.

{¶ 14} In his single assignment of error, Miller argues the trial court erred by denying his most recent pro se post-sentence motion to withdraw his guilty plea. We disagree.

**Standard of Review**

{¶ 15} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a guilty plea after the imposition of a sentence, such as the case here, has the burden of establishing the existence of a manifest injustice. *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. A manifest injustice is defined as "a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. "The requirement of demonstrating a manifest injustice is designed to discourage a defendant from pleading guilty to test the weight of the potential reprisal, and later attempting to withdraw the plea if the sentence was unexpectedly severe." *Williams* at ¶ 13. This sets forth an extremely high standard that is allowable only in extraordinary cases. *State v. Murray*, 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 15.

{¶ 16} A trial court is not required to hold an evidentiary hearing on every post-sentence motion to withdraw a guilty plea. *State v. Degaro*, 12th Dist. Butler No. CA2008-09-227, 2009-Ohio-2966, ¶ 13. However, an evidentiary hearing on a post-sentence motion to withdraw a guilty plea is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn. *State v. Mays*, 174 Ohio App.3d 681, 684 (8th Dist.2008). Therefore, "[a] defendant must establish a reasonable likelihood that a withdrawal of his plea is necessary to correct a manifest injustice before a court must

hold an evidentiary hearing on his motion." *State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 14.

{¶ 17} We review a trial court's decision on a post-sentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Powell*, 12th Dist. Clermont No. CA2009-05-028, 2009-Ohio-6552, ¶ 10. An abuse of discretion is more than an error of law or judgment. *State v. Miller*, 12th Dist. Butler No. CA2016-01-007, 2016-Ohio-7360, ¶ 7. Rather, it suggests the "trial court's decision was unreasonable, arbitrary or unconscionable." *State v. Perkins*, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, ¶ 8. A decision is unreasonable when it is "unsupported by a sound reasoning process." *State v. Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010, ¶ 16, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

### The Doctrine of Res Judicata

{¶ 18} The doctrine of res judicata provides that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any 77proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from the judgment." *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996). Thus, as this court has stated previously, res judicata applies and "bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding." *State v. Rose*, 12th Dist. Butler No. CA2010-03-059, 2010-Ohio-5669, ¶ 18. In other words, claims raised in support of a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that could have been raised on direct appeal, but were not, are barred by res judicata. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 11.

**Miller's Claims Barred by Res Judicata**

{¶ 19} Initially, Miller claims the trial court erred by denying his most recent pro se post-sentence motion to withdraw his guilty plea since it was not entered knowingly, intelligently, and voluntarily due to his life-long mental incompetency, including at the time he entered his guilty plea. According to Miller, although he was found competent to stand trial by the trial court, such a finding was improper and "coerced" since he was forced by the trial court to submit to "physical abuse" through the involuntary administration of medication in an effort to restore him to competency, a finding Miller also alleges was improper. Miller further claims the trial court failed to comply with the requirements of Crim.R. 11 prior to entering his guilty plea, thus rendering his guilty plea void in that it was not knowingly, intelligently, and voluntarily entered.

{¶ 20} These claims are barred by the doctrine of res judicata as Miller could have, and should have, raised these issues in a direct appeal. However, not only did Miller not file a direct appeal in this case, as the record reveals, the trial court already rejected similar claims regarding the knowing, intelligent, and voluntary nature of his guilty plea in overruling Miller's previous pro se post-sentence motion to withdraw his guilty plea, a decision Miller also did not appeal. Therefore, because the doctrine of res judicata now bars these claims, we find no error in the trial court's decision denying Miller's most recent post-sentence motion to withdraw his guilty plea. We also find no error in the trial court's decision not to hold a hearing on these issues. "A reviewing court must give extreme deference to a trial court's determination that a defendant is competent to knowingly, intelligently, and voluntarily accept a plea." *State v. Grant*, 10th Dist. Franklin Nos. 12AP-650 and 12AP-651, 2013-Ohio-2981, ¶ 10, citing *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15 and 03 CO 31, 2004-Ohio-1548, ¶ 16. Miller's claims otherwise are without merit.

{¶ 21} Next, Miller claims the trial court erred by denying his most recent pro se post-

sentence motion to withdraw his guilty plea since he received ineffective assistance of counsel. In support of this claim, Miller alleges his trial counsel was ineffective in that he failed to take any measures to "safeguard and protect" his interests, but instead hurriedly convinced him to enter a guilty plea through "coercive measures" and manipulation. These claims are also barred by the doctrine of res judicata. Just as his claims addressed above, Miller could have, and should have, raised these issues in a direct appeal. Similarly, the trial court already rejected virtually identical claims in overruling Miller's previous post-sentence motion to withdraw his guilty plea. Again, Miller did not appeal from that decision. Therefore, because the doctrine of res judicata also bars Miller's claim alleging ineffective assistance of counsel, we find no error in the trial court's decision denying Miller's most recent pro se post-sentence motion to withdraw his guilty plea as it relates to these issues, nor do we find any error in the trial court's decision not to hold a hearing on these issues. Miller's claims otherwise are likewise without merit.

**Miller's Ineffective Assistance Claims Lack Merit**

{¶ 22} Miller has made a variety of additional claims regarding his trial counsel's performance, many of which are difficult to decipher. However, although Miller appears pro se in this matter, we note that it is not this court's duty to "root out" arguments that can support an assignment of error. *State v. Sturgill*, 12th Dist. No. CA2014-09-066, 2015-Ohio-1933, ¶ 5. Similarly, this court will not "conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning." *State v. Fields*, 12th Dist. Brown No. CA2009-05-018, 2009-Ohio-6921, ¶ 7. It is axiomatic that pro se litigants, like Miller, are "not to be accorded greater rights and are bound to accept the results of their own mistakes and errors, including those related to correct legal procedures." *State v. Kline*, 12th Dist. Warren No. CA2004-10-125, 2005-Ohio-4336, ¶ 9.

{¶ 23} Nevertheless, we find it necessary to state, as this court has done previously,

that "'an attorney's advice to take a plea deal is not ineffective assistance of counsel.'" *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 23, quoting *State v. Shugart*, 7th Dist. Mahoning No. 08 MA 238, 2009-Ohio-6807, ¶ 37. Moreover, as part of his signed guilty plea form, Miller specifically acknowledged that he had been informed of the maximum penalty he faced, as well as the fact that his trial counsel had advised him of the impact of his guilty plea, that he understood the ramifications of making such a plea, and that he was satisfied with his trial counsel's advice, counsel, and competence. Miller made the same specific acknowledgements to the trial court during his plea hearing. Similarly, also at his plea hearing, Miller explicitly acknowledged that nobody had pressured him or promised him anything to enter a guilty plea. Therefore, after a thorough review of the record, even when analyzing the merits of this case, we find no error in the trial court's decision to deny Miller's most recent pro se post-sentence motion to withdraw his guilty plea based on his trial counsel's alleged ineffective assistance.

### Miller's Claims Raised for the First Time on Appeal are Waived

{¶ 24} Finally, we note that Miller has raised several additional claims that were not raised as part of his most recent pro se post-sentence motion to withdraw his guilty plea now before this court. For instance, while Miller now claims he entered a guilty plea based on his trial counsel's promise to appeal the case, as well as an assurance from his trial counsel that he would be sentenced to serve only four years at a mental health facility, Miller never raised these issues before the trial court as part of his motion. It is "well-settled that issues not raised in the trial court may not be raised for the first time on appeal." *State v. Guzman-Martinez*, 12th Dist. Warren No. CA2010-06-059, 2011-Ohio-1310, ¶ 9. Therefore, because Miller failed to raise these issues below, we will not address these claims for the first time on appeal.

**Conclusion**

{¶ 25} In light of the foregoing, we find no error with the trial court's decision denying Miller's most recent pro se post-sentence motion to withdraw his guilty plea. As the trial court correctly determined, all of Miller's claims are either without merit and/or barred by the doctrine of res judicata. Therefore, because we find no error with the trial court's decision to denying Miller's most recent post-sentence motion to withdraw his guilty plea, Miller's single assignment of error is overruled.

{¶ 26} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.