[Cite as *State v. Welsh*, 2019-Ohio-4128.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-11-219 |
| - vs - | : | O P I N I O N<br>10/7/2019 |
| | : | |
| ZACHARY A. WELSH, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-03-0416

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for appellant

**PIPER, J.**

{¶ 1}  Appellant, Zachary Welsh, appeals his convictions in the Butler County Court of Common Pleas, after pleading guilty to involuntary manslaughter and its firearm specification, aggravated robbery, and two counts of tampering with evidence.

{¶ 2}  Welsh shot and killed the victim during an armed robbery and then rearranged the crime scene to suggest the victim committed suicide.  During a police investigation into

the victim's death, Welsh admitted that he shot the victim, though claimed he acted in self-defense.  Welsh was eventually charged with two counts of murder, aggravated robbery, two counts of felonious assault, and two counts of tampering with evidence.

{¶ 3}  Welsh's motion to suppress certain statements he made during the investigation was denied by the trial court.  Welsh also challenged his competency to stand trial, and the trial court determined that Welsh was competent.  Welsh and the state then engaged in plea negotiations.

{¶ 4}  The state and Welsh agreed to a 30-year sentence as part of the plea deal, and the trial court accepted the agreement and sentenced Welsh to 30 years without the possibility of judicial release.  Welsh now appeals his convictions and sentence, raising the following assignment of error:

{¶ 5}  THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ENTERING JUDGMENTS OF CONVICTION ON ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 6}  Welsh argues in his sole assignment of error that the trial court erred in not determining that his convictions were allied offenses.

{¶ 7}  According to R.C. 2953.08(D)(1), if a jointly-recommended sentence imposed by a trial judge is "authorized by law," it is not subject to review on appeal.  A sentence is "authorized by law" within the meaning of R.C. 2953.08(D)(1) "only if it comports with all mandatory sentencing provisions."  *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, paragraph two of the syllabus.

{¶ 8}  One such mandatory sentencing provision is R.C. 2941.25(A), the allied offense statute, which provides, "where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

Where a plea agreement is silent on the issue of allied offenses of similar import, "the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense." *Underwood* at ¶ 29.

{¶ 9} However, a defendant can waive the application of R.C. 2941.25(A), relieving the trial court of its obligation to determine whether multiple offenses are allied offenses of similar import when sentencing a defendant. *Id*. As the Ohio Supreme Court explained, nothing "precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence." *Id*.

{¶ 10} Expressly stipulating in the plea agreement that multiple offenses were "committed with separate animus" is not the exclusive means by which a defendant may waive the protection afforded by R.C. 2941.25. *State v. Black*, 8th Dist. Cuyahoga No. 102586, 2016-Ohio-383, ¶ 16. Instead, a defendant may waive his or her R.C. 2941.25 rights in a variety of ways and is not limited to an agreement expressly referencing R.C. 2941.25. *State v. Lee*, 8th Dist. Cuyahoga No. 105894, 2018-Ohio-1839, ¶ 7.

{¶ 11} The record demonstrates that Welsh and the state agreed that the charges were not allied offenses so that the trial court could impose the agreed 30-year sentence, which was the sentence expressly included in Welsh's plea form. The trial court noted at the plea hearing that it would need to order the sentences consecutive to one another in order to reach an aggregate 30-year sentence. Moreover, and during the sentencing hearing, the parties and trial court specifically addressed the issue of merger. The state began by noting its position,

> based on the agreement between the parties to remove life as a possible sentence that to effectuate the stated purposes of the parties the Defense would need to agree that these offenses do not merge, that they were committed with separate criminal

- 3 -

conduct, or with the sperate criminal animus. And therefore, are not allied offenses that would be subject to merger.

{¶ 12} In response, Welsh's counsel responded,

we did reach an agreement in this matter for a 30-year sentence, and in order to do that, *we will agree that there is no merger* with effect to sentencing * * * and so basically, Your Honor, we do agree that there - - that these offenses can be sentenced for the 30 years based on these charges that he's pled to.

(Emphasis added.) In response, the trial court reiterated, "so I'll just note * * * that the Defense is waiving any potential arguments in merger [sic] allied offences [sic]." Defense counsel responded, "absolutely."

{¶ 13} Because Welsh agreed that the offenses at issue were not subject to merger, he has waived the application of R.C. 2941.25(A), and his assignment of error is overruled.

{¶ 14} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.