[Cite as *State v. Hagens*, 2025-Ohio-4989.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | | |
| Appellee, | : | | CASE NO. CA2024-07-045 |
| | : | | |
| - vs - | | | OPINION AND |
| | : | | JUDGMENT ENTRY |
| | | | 11/3/2025 |
| TYLER JAMES HAGENS, | : | | |
| Appellant. | : | | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CR40505

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Tyler James Hagens, pro se.

**O P I N I O N**

**BYRNE, P.J.**

{¶ 1} Appellant, Tyler Hagens, appeals the decision of the Warren County Court of Common Pleas denying his Crim.R. 32.1 motion to withdraw his guilty pleas to one

count of rape and eight counts of pandering sexually-oriented material involving a minor. For the reasons outlined below, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} In April 2023, the Warren County Grand Jury returned an indictment charging Hagens with four counts of first-degree felony rape, two of which alleged Hagens purposely compelled the minor victim to submit by force or threat of force. Hagens was also charged with two counts of attempted rape, eight counts of pandering sexually-oriented matter involving a minor, and single counts of gross sexual imposition and tampering with evidence. The charges of the indictment stemmed from Hagens' sexual conduct with a seven-year-old victim, as well as his creation of videos of the sexual assault and the distribution of those videos via text message. Hagens pleaded not guilty to the offenses and the matter was set for a two-day trial.

{¶ 3} On August 15, 2023, instead of going to trial, Hagens entered into a plea agreement with the State. Pursuant to that agreement, Hagens pleaded guilty to Count 2 of the indictment, i.e., the first-degree felony rape of a child by force or threat of force, as well as all eight counts of pandering sexually-oriented material involving a minor.[1] In exchange, the remaining charges and specifications of the indictment were dismissed. With regards to his sentence, the parties agreed Hagens would be designated a Tier III Child Victim Sexual Offender and jointly recommended an aggregate sentence of life in prison with the possibility of parole after 25 years.

{¶ 4} The trial court held a hearing regarding Hagens' change of plea. After engaging Hagens in a full Crim.R. 11 plea colloquy, the trial court accepted Hagens' guilty

---

1.. Count 2 specifically alleged that Hagens "did engage in sexual conduct with another who was not the spouse of the offender, whose age at the time of the said sexual conduct was less than thirteen years of age, to wit: 7, whether or not the offender knew the age of the victim in violation of Ohio Revised Code 2907.02(A)(1)(b) . . . FURTHERMORE, [Hagens] purposely compelled the victim to submit by force or threat of force."

plea upon finding he entered the plea knowingly, intelligently, and voluntarily. The trial court proceeded to sentencing and imposed the prison term jointly recommended by Hagens and the State. A judgment entry reflecting Hagens' convictions and sentence was entered by the trial court the same day.

{¶ 5}   Approximately five months later, Hagens appealed from the trial court's August 15, 2023 judgment entry. The trial court appointed new counsel to represent Hagens on appeal.

{¶ 6}   A few months later, in March 2024, Hagens filed a pro se motion to withdraw his guilty plea. The following day, the trial court issued an entry and order indicating it was divested of jurisdiction to rule on any pending motions during the pendency of Hagens' appeal. Based upon this lack of jurisdiction, the trial court held Hagens' motion in abeyance until the conclusion of his direct appeal.

{¶ 7}   Thereafter, Hagens' appellate counsel moved this court to voluntarily dismiss Hagens' direct appeal. On April 15, 2024, this court granted counsel's motion and dismissed Hagens' appeal with prejudice.

{¶ 8}   On April 25, 2024, Hagens filed a second pro se motion to withdraw his guilty plea. In his motion, Hagens argued his plea was not made knowingly, voluntarily, or intelligently, and therefore, should be withdrawn. In support, Hagens claimed his trial counsel was ineffective in failing to reasonably investigate voluntary intoxication as an affirmative defense to the rape charge. Hagens also argued he was not given adequate time to review the nature of his plea and that his convictions for pandering sexually-oriented matter involving a minor were allied offenses of similar import, and should have merged for sentencing. Hagens did not attach to his motion to withdraw his plea any affidavit or other authenticated evidence to support his arguments. Thus, Hagens pointed to no evidence outside the record that would arguably support his motion.

- 3 -

{¶ 9} After consideration, the trial court on June 11, 2024, issued a decision and entry denying Hagens' motion without a hearing. In its decision, the trial court found that Hagens' arguments were barred by res judicata. Then, assuming for the sake of argument that Hagens' motion to withdraw plea was not barred by res judicata, the court further found that Hagens had otherwise failed to set forth sufficient operative facts to establish substantive grounds for the relief he requested.

{¶ 10} Hagens moved the trial court to reconsider its decision, attaching two documents. First, Hagens attached an affidavit in which he stated that he met with recovery services while incarcerated. Second, Hagens attached a December 2022 American Addiction Centers article titled "Dangers of Mixing Xanax and Alcohol" which discussed the side effects of Xanax use.

{¶ 11} On July 2, 2024, the trial court denied Hagens' motion to reconsider without holding a hearing.

## II. The Appeal

{¶ 12} Hagens appealed from the trial court's June 11, 2024 decision and entry denying his motion to withdraw plea, raising three assignments of error for this court's review. Because they are interrelated, we will discuss Hagens' assignments of error together.

{¶ 13} Hagens' Assignment of Error No. 1 states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO CONSIDER THE FACTUAL OPERATIVE EVIDENCE THAT SUPPORTS THE WITHDRAWAL OF THE GUILTY PLEA.

{¶ 14} Hagens' Assignment of Error No. 2 states:

TRIAL COURT ERRED AND VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS, BY FAILING TO STRICTLY COMPLY WITH CRIM. R. 11 AND ACCEPTED HIS PLEA AS KNOWING, INTELLIGENT, AND VOLUNTARY.

{¶ 15} Hagens' Assignment of Error No. 3 states:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW PLEA WITHOUT A HEARING.

{¶ 16} In each of his three assignments of error, Hagens argues the trial court abused its discretion by denying his motion to withdraw his guilty plea without holding a hearing.

**A. Standard of Review**

{¶ 17} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before a sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Therefore, "[a] defendant who seeks to withdraw a guilty plea postsentence has the burden of establishing the existence of a manifest injustice." *State v. Owens*, 2022-Ohio-160, ¶ 31 (12th Dist.). A manifest injustice is a "clear or openly unjust act." *State v. Straley*, 2019-Ohio-5206, ¶ 14. "To prove a manifest injustice, the defendant must show a 'fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process.'" *State v. Tringelof*, 2017-Ohio-7657, ¶ 10 (12th Dist.), quoting *State v. Hobbs*, 2013-Ohio-3089, ¶ 9 (12th Dist.). "This sets forth an extremely high standard that is allowable only in extraordinary cases." *State v. Miller*, 2017-Ohio-2801, ¶ 15 (12th Dist.).

{¶ 18} A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea. *See, e.g., State v. Simon*, 2015-Ohio-2989, ¶ 25, 31 (12th Dist.). "'A defendant must establish a reasonable likelihood that a withdrawal of his plea is necessary to correct a manifest injustice before a court must hold an evidentiary hearing on his motion.'" *Tringelof* at ¶ 11, quoting *State v. Williams*, 2009-Ohio-6240, ¶ 14 (12th

Dist.).

{¶ 19} "A trial court's decision regarding a postsentence motion to withdraw a guilty plea is reviewed on appeal under an abuse of discretion standard." *State v. Rose*, 2010-Ohio-5669, ¶ 15 (12th Dist.). "An abuse of discretion 'requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably.'" *Evans v. Evans*, 2025-Ohio-1010, ¶ 9 (12th Dist.), quoting *Oliver v. Oliver*, 2011-Ohio-6345, ¶ 15 (12th Dist.). However, trial courts "lack the discretion to make errors of law." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38-39. "Therefore, we review a court's errors of law de novo, with further determination of whether that error was harmless." *Id.*

### 1. The Doctrine of Res Judicata

{¶ 20} In its decision, the trial court found that Hagens' arguments in his motion to withdraw his guilty plea were barred by res judicata because Hagens could have raised those arguments on direct appeal. Before addressing the merits of the arguments raised in Hagens' appellate brief, we must address the question of res judicata.

{¶ 21} The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from the judgment. *State v. Wagers*, 2012-Ohio-2258, ¶ 10 (12th Dist.), citing *State v. Szefcyk*, 1996-Ohio-337, ¶ 9. Thus, as this court has stated previously, res judicata applies and "bars claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding." *State v. Rose*, 2010-Ohio-5669, ¶ 18 (12th Dist.). In other words, claims raised in support of a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that could have been raised on direct appeal, but were not, are barred by res judicata.

*Miller*, 2017-Ohio-2801, at ¶ 18.

{¶ **22**} In some instances, competent, relevant, and material evidence presented from outside the trial record may defeat the application of res judicata. *State v. Statzer*, 2018-Ohio-363, ¶ 16 (12th Dist.). However, this outside evidence "must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record" and possess some standard of cogency. *State v. Daniels*, 2019-Ohio-2274, ¶ 30 (12th Dist.).

{¶ **23**} As discussed above, Hagens directly appealed from the trial court's judgment of conviction in December 2023. Although Hagens dismissed that appeal, the doctrine of res judicata applies to issues that were raised or could have been raised in an appeal that has been dismissed. *See Eagle's View Professional Park Condominium Unit Owners Assn. v. EVPP, L.L.C.*, 2015-Ohio-1929, ¶ 19, citing *Marino v. Painter*, 2004-Ohio-6033, ¶ 20, 23 (11th Dist.). This is because, although a properly taken appeal may be dismissed voluntarily by an appellant, such a dismissal is always with prejudice. *Irwin v. Lloyd*, 65 Ohio St. 55, 61 (1901) (stating that there is no right to a second appeal, and as a result, any dismissed appeal is res judicata).

{¶ **24**} In his *initial* appellate brief, Hagens did not argue against the trial court's application of res judicata and instead focused on the merits of his various claims. Although Hagens later advanced such an argument regarding res judicata in his appellate *reply* brief, it is well established that a reply brief is not to be used by an appellant to raise new assignments of error or issues for consideration; it is merely an opportunity to reply to the appellee's brief. *State v. Myers*, 2021-Ohio-631, ¶ 27 (12th Dist.). Due to Hagens' failure to appropriately challenge the trial court's primary basis for denying his postsentence motion to withdraw his plea (that is, res judicata), this court is not required to address the res judicata argument as raised in his reply brief. *Id*. The trial court's finding

that res judicata barred Hagens' arguments in his motion to withdraw his plea is therefore unchallenged on appeal, and we overrule Hagens' assignments of error and affirm the trial court's denial of Hagens' motion on the basis of res judicata. No further analysis is necessary.

{¶ 25} Notwithstanding the above, even if Hagens had properly challenged the trial court's application of res judicata on appeal, a review of the record reveals no reversible error in the trial court's res judicata analysis. *See State v. Froman*, 2022-Ohio-2726, ¶ 130 (12th Dist.). In his motion to withdraw plea, Hagens primarily argues issues and facts related to evidence in the record, and to the extent he did so, his arguments are deemed forfeited and are barred by res judicata because he could have raised such arguments in the direct appeal that he voluntarily dismissed. *State v. Hendrix*, 2012-Ohio-5610, ¶ 11 (12th Dist.); *see also EVPP, L.L.C.* at ¶ 19

{¶ 26} But Hagens argues that in his motion to withdraw plea he raised and relied on new evidence that was not previously disclosed in the record. This is not correct: Hagens failed to properly submit any new evidence with his motion to withdraw plea. The only new evidence Hagens submitted was attached to his motion asking the trial court to reconsider its denial of his motion to withdraw plea. We need not consider such evidence. *See, e.g., State v. McMahon*, 2010-Ohio-2055, ¶ 32, fn. 2 (12th Dist.).

{¶ 27} In sum, Hagens' arguments on appeal concerning ineffective assistance of counsel, an alleged defect in the plea colloquy, and the alleged failure to merge allied offenses could have been raised in Hagens' direct appeal, so those arguments are barred by res judicata. This provides another independent reason why we overrule Hagens' assignments of error and affirm.

{¶ 28} However, because the trial court considered Hagens' arguments in the alternative—that is, assuming res judicata did not apply—we will do the same below.

**2. Hagens Failed to Establish the Existence of a Manifest Injustice**

{¶ 29} Hagens contends the trial court abused its discretion by denying his motion to withdraw his guilty plea without holding a hearing. According to Hagens, he presented the trial court with sufficient evidence to warrant the withdrawal of his guilty pleas, including evidence that (1) his trial counsel was ineffective; (2) the trial court failed to comply with Crim.R. 11 during its plea colloquy; and (3) the trial court failed to inquire into the "clear appearance of possible 'allied offenses.'" As such, he requests this court to remand the matter for a full evidentiary hearing on his motion. We will address each of Hagens' arguments below.

**a. Ineffective Assistance of Counsel**

{¶ 30} Hagens initially argues he should have been permitted to withdraw his plea because he received ineffective assistance of counsel prior to entering his plea.

{¶ 31} This court has recognized that ineffective assistance of counsel can be a proper basis for seeking a postsentence withdrawal of a guilty plea. *State v. Simon*, 2015-Ohio-2989, ¶ 26 (12th Dist.). When the alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the movant must show that (1) his counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. *State v. Foster*, 2024-Ohio-6055, ¶ 14 (12th Dist.). The failure to make an adequate showing on either prong is fatal to a defendant's claim of ineffective assistance of counsel. *State v. Leonicio*, 2023-Ohio-2433, ¶ 24 (12th Dist.).

{¶ 32} "Deficient performance is defined as performance that fell below an objective standard of reasonableness." *State v. Arledge*, 2019-Ohio-3147, ¶ 8 (12th Dist.), citing *State v. Jackson*, 2016-Ohio-5488, ¶ 97. When determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of

- 9 -

counsel's performance must be highly deferential. *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. *Id*.

{¶ 33} In this case, Hagens first argues he received ineffective assistance of counsel because his counsel failed to reasonably investigate voluntary intoxication as an affirmative defense to the forcible rape charges. According to Hagens, he is a long-term user of alcohol and Xanax, and a voluntary intoxication affirmative defense would have negated the mental state required for some of the crimes with which he was charged. In support, Hagens identifies several side effects that can stem from using a combination of Xanax and alcohol, including that the mixture of such substances can produce a "euphoric effect," which can cause individuals to experience problems with "critical thinking, problem-solving, reasoning, self-control, planning, and judgment." When taking Xanax and alcohol, Hagens claims a person could "suffer a blackout, where one is still responding to the environment (albeit in an impaired way) but later has no memory of the events that occurred." Hagens also claims that the combination of drugs and alcohol can have "dangerous side effects," including "confusion about identity, place and time; increased [sic] in sexual ability, desire, drive, or performance; increased interest in sexual intercourse."[2] According to Hagens, he discussed this information with his counsel, who did not pursue voluntary intoxication as a defense to the charges Hagens faced, and instead urged Hagens to plead guilty.

---

2. Hagens did not attach to his motion to withdraw his plea any affidavit or other authenticated evidence to support his claims regarding the side effects of using a combination of Xanax and alcohol or his intoxication level at the time of the offense. Hagens did attach to his motion for reconsideration an affidavit stating he met with recovery services while incarcerated, as well as a December 2022 article from the American Addiction Centers titled "Dangers of Mixing Xanax and Alcohol." The article from the American Addiction Centers discusses similar side effects identified by Hagens in his motions and his brief on appeal.

{¶ 34} Even if we accept these unsworn and unsupported allegations as true, Hagens' counsel was not deficient for failing to pursue a voluntary intoxication defense in this case. This is the case because a voluntary intoxication argument would have been barred by a statute, R.C. 2901.21(E), which explicitly states that "voluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense." Instead, evidence that a person was voluntarily intoxicated may only be admissible to show whether the person was physically capable of performing the act with which he was charged. R.C. 2901.21(E).

{¶ 35} Since the amendment to R.C. 2901.21 to include this language in 2000, appellate courts have been "nearly unanimous" in their view that the defense of voluntary intoxication no longer exists in Ohio. *State v. Blackburn*, 2022-Ohio-988, ¶ 24 (3d Dist.) (prior law on voluntary intoxication as a limited defense is now superseded by the new statute), citing *State v. Doll*, 2017-Ohio-2894, ¶ 16 (4th Dist.); *see also State v. Stockhoff*, 2002-Ohio-1342, ¶ 14 (12th Dist.); *State v. Koballa*, 2014-Ohio-3592, ¶ 24 (8th Dist.) ("Pursuant to the amended statute, a lack of capacity to form an intent to commit a crime due to self-induced intoxication is no longer a defense to a crime where a mental state is an element of the crime"); *State v. Hiler*, 2014-Ohio-137, ¶ 41 (2d Dist.) ("voluntary intoxication is not a defense to any crime in Ohio"); *State v. Hill*, 2010-Ohio-1687, ¶ 27 (10th Dist.), quoting *State v. Melhado*, 2003-Ohio-4763, ¶ 48 (10th Dist.) ("This court has held that, since the General Assembly amended R.C. 2901.21 in 2000, 'voluntary intoxication may no longer be taken into account in determining the existence of a mental state that is an element of a criminal offense'"). Consequently, any evidence of Hagens' voluntary intoxication may have been admissible to prove Hagens was not physically capable of compelling the victim to submit by force or threat of force, but not for the purpose of proving that he was unable to form the requisite intent to commit the crime.

R.C. 2901.21(E).

{¶ 36} Hagens did not argue in his motion to withdraw his plea, or produce any evidence to suggest, that his use of Xanax and alcohol made him physically incapable of committing the crime of which he was charged. Instead, Hagens argues that his voluntary use of Xanax and alcohol influenced his behavior on the date of the incident. A defense presented on that basis would have been meritless. Consequently, and in light of R.C. 2901.21(E), counsel's failure to pursue a meritless avenue of defense was not deficient and does not amount to ineffective assistance of counsel.

{¶ 37} Hagens next argues his counsel was ineffective because he did not provide Hagens with adequate time to review the "nature of his plea," leading to a plea agreement that was "rushed and ill advised." Hagens points out that he only had a short time to consider the plea agreement's terms and claims his counsel misinformed him of the elements necessary to prove Count 2, as well as the maximum sentence for that offense. Hagens claims the facts establish his counsel was unprepared to go to trial and only sought to make a plea deal. The record, however, reflects just the opposite.

{¶ 38} As part of his signed change-of-plea form, Hagens acknowledged that he had been informed of the possible penalties he faced, as well as the fact that his trial counsel had advised him of the impact of his guilty plea, and that he wished to waive and reject certain constitutional rights. Hagens made the same specific acknowledgements to the trial court verbally during his plea hearing. Similarly, also at his plea hearing, Hagens explicitly acknowledged that nobody had pressured him or promised him anything to enter a guilty plea and that he was satisfied with his trial counsel's representation.

{¶ 39} Based on the above, and contrary to Hagens' bare, unsupported assertions to the contrary, the record is devoid of any evidence to support Hagens' claims that his counsel was deficient in this regard. As this court has previously noted, a defendant's

"bare unsubstantiated assertions" are insufficient to demonstrate a manifest injustice. *See, e.g., State v. Johnson*, 2011-Ohio-3015, ¶ 13 (12th Dist.), citing *State v. Graham*, 2004-Ohio-4397, ¶ 22 (3d Dist.). Furthermore, "'an attorney's advice to take a plea deal is not ineffective assistance of counsel.'" *Miller*, 2017-Ohio-2801, at ¶ 23, quoting *State v. Robinson*, 2013-Ohio-5672, ¶ 23 (12th Dist.).

{¶ 40} Therefore, after a thorough review of the record, we find no evidence of a manifest injustice stemming from Hagens' representation below. As such, the trial court did not abuse its discretion in denying Hagens' postsentence motion to withdraw his guilty plea based upon his trial counsel's alleged ineffective assistance.

**b. Crim.R. 11 Plea Colloquy**

{¶ 41} We next address Hagens' argument that the trial court failed to strictly comply with Crim.R. 11, and that he should have been permitted to withdraw his plea on that basis.

{¶ 42} We begin by noting that we can locate no previous decision of our court in which we have held that failure to comply with the plea colloquy requirements of Crim.R. 11(C) may constitute a proper basis for granting withdrawal of a guilty plea under Crim.R. 32.1. The absence of such cases is unsurprising, because an argument regarding the failure to comply with Crim.R. 11(C) may plainly be brought on direct appeal, and so is barred by res judicata in the context of a postsentence motion to withdraw plea. However, we will assume, without deciding, that such an argument may establish a manifest injustice under Crim.R. 32.1 solely for purposes of analyzing Hagens' Crim.R. 11(C) argument.

{¶ 43} "'A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision.'" *State v. Johnson*, 2024-Ohio-1089, ¶ 12 (12th Dist.), quoting *State v. Clark*, 2008-Ohio-3748, ¶ 25. Given the seriousness of such a decision, "'[w]hen a

- 13 -

defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Hawkins*, 2023-Ohio-2915, ¶ 7 (12th Dist.), quoting *State v. Engle*, 1996-Ohio-179, ¶ 7.

{¶ 44} "A trial court's obligations in accepting a defendant's plea as being knowingly, intelligently, and voluntarily entered is dependent 'upon the level of offense to which the defendant is pleading.'" *State v. Muhire*, 2023-Ohio-1181, ¶ 11 (12th Dist.), quoting *State v. Jones*, 2007-Ohio-6093, ¶ 6. "Crim.R. 11(C) prescribes the procedure a trial court must follow in felony cases before accepting a guilty or no contest plea." *State v. Martin*, 2019-Ohio-2792, ¶ 26 (12th Dist.). The rule "ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). This requires the trial court to notify the defendant of the constitutional rights set forth in Crim.R. 11(C)(2)(c). *State v. Oliver*, 2021-Ohio-2543, ¶ 41 (12th Dist.). This also requires the trial court to make the necessary determinations and give the defendant the necessary warnings set forth in Crim.R. 11(C)(2)(a) and (b). *Id*.

{¶ 45} Specifically, pursuant to Crim.R. 11(C)(2)(a), (b), and (c):

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> > (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation

or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 46} On appeal, Hagens asserts he did not have a true understanding of the nature of the charges against him and, therefore, his plea was not a voluntary or intelligent admission of his guilt. In support of his argument, Hagens highlights the following exchange from the plea hearing:

The Court:    All right. How old are you?

[Hagens]:    27

The Court:    How far did you go in school?

[Hagens]:    I didn't graduate.

The Court:    Are you able to read and write?

[Hagens]:    Yeah.

. . .

The Court:    Did you read this over and go over it with [counsel] before you signed it?

[Hagens]:    Yes, sir.

The Court:    And you believe you understand what it says?

[Hagens]:    I do.

{¶ 47} Based upon this testimony, Hagens contends the court failed to strictly

comply with Crim.R. 11 because it failed to make a "complete" inquiry into his understanding of the plea agreement's terms. According to Hagens, the trial court could not have known the level of Hagens' understanding or comprehension of the charges against him because it did not further investigate his education level. After our review of the record, we disagree.

{¶ 48} Relevant here, Crim.R. 11(C)(2) provides, in part, that a trial court shall not accept a guilty plea without first addressing the defendant personally and "[d]etermining that the defendant is making the plea voluntarily, with an understanding of the nature of the charges[.]" Crim.R. 11(C)(2)(a). To find the court complied with Crim.R. 11(C)(2)(a), the record must demonstrate the defendant's understanding of the charges, whether that understanding was obtained "from the trial court itself, the prosecutor, or some other source." *State v. Goens*, 2006-Ohio-4324, ¶ 12 (12th Dist.). There is no exact way to make the determination on what someone subjectively understands, but if the defendant receives the proper information, then we can ordinarily assume that he understands that information. *Id*. at ¶ 11, citing *State v. Carter*, 60 Ohio St.2d 34, 38 (1979). A trial court can find a defendant understood the nature of the charges when the totality of the circumstances warrants such a determination. *State v. Murphy*, 2021-Ohio-4541, ¶ 13 (12th Dist.).

{¶ 49} In the instant case, the charges and corresponding facts were read into the record at the plea hearing. The State noted on the record that,

> [t]he Defendant is prepared to enter a guilty plea to Count 2
> of the indictment, that's rape of a child under 13 by force, and
> Counts 8 through 15, those being pandering sexually oriented
> material involving a minor.
> . . .
>
> [I]f the case were to [sic] produce evidence beyond a
> reasonable doubt that on April 8th through April 9th of 2023,
> in Deerfield Township, Warren County, State of Ohio, that the

- 16 -

> defendant engaged in sexual conduct with a minor under the age of 13, and he compelled her to submit by - - by force. That is to Count 2.
>
> Additionally, the evidence would show that on - - as to counts 8 through 11, that on four separated instances, he created four videos of the sexual assault with - - of the child.
>
> And as to Counts 12 through 15, that on four separate occasions, he sent those four videos by way of phone text.

This language tracks that of the indictment charging Hagens with rape and pandering sexually-oriented matter involving a minor and reflects the charges identified on the change of plea form signed by Hagens. This information, which was provided to Hagens in a variety of ways, clearly sets forth the charges to which Hagens agreed to plead guilty. As such, the totality of the circumstances establishes that Hagens received the necessary information regarding the nature of his charges, which is indicative of his understanding and the trial court's compliance with Crim.R. 11(C)(2)(a). *State v. Huston*, 2018-Ohio-2818, ¶ 20-22 (12th Dist.).

{¶ 50} In addition to the above, the record further reflects that Hagens informed the court that he had reviewed the written change of plea form, which he signed after consulting with his attorney. A review of that form reveals the name of the charges to which Hagens was pleading, as well as their corresponding Revised Code section numbers, the degrees of the offenses, and the maximum prison terms. By signing the plea form, Hagens acknowledged that he had been fully advised of and understood the charges, in addition to the possible penalties and his constitutional rights. At the plea hearing, Hagens confirmed he understood the contents of the change of plea form. This court has recognized that information contained in a guilty plea form may be used to determine if the defendant understood the nature of the charges. *See State v. Irwin*, 2013-Ohio-5209, ¶ 9-10 (12th Dist.), citing *State v. Johnson*, 2004-Ohio-331, ¶ 16 (11th Dist.).

{¶ 51} Lastly, we reject Hagens' argument that the trial court could not determine that Hagens understood the nature of the charges without first determining his level of education. It is well settled that "'Crim.R. 11 does not require the courts to determine the defendant's individual background, reading skills, or writing skills.'" *State v. Howard*, 2016-Ohio-426, ¶ 15 (2d. Dist.), quoting *State v. Pardon*, 1997 Ohio App. LEXIS 1451 (10th Dist. Apr. 10, 1997); *see also State v. McKee*, 50 Ohio App.2d 313, 314 (9th Dist. 1976). In fact, "a person need not be able to read to enter a plea." *State v. Beach*, 2003-Ohio-6546, ¶ 13 (7th Dist.). Instead, "[a] trial court has the duty to ensure a defendant understands the plea whether or not his mental acumen is questionable." *Howard* at ¶ 15. Therefore, Hagens' level of education is not determinative of his ability to understand the nature of his charges.

{¶ 52} Based upon the record before us, it is apparent that Hagens was informed of the charges to which he was pleading and that he understood the nature of those charges. Hagens does not point to any evidence suggesting he was confused or did not understand the nature of his charges. To the contrary, the record reflects that the trial court presented the information required by Crim.R. 11 in a simple manner, to which Hagens repeatedly responded that he understood each of the trial court's advisements. As such, we find that the trial court fully complied with Crim.R. 11(C)(2)(a) when concluding Hagens made the plea knowingly, intelligently, and voluntarily. Thus, the trial court did not abuse its discretion in denying Hagens' postsentence motion to withdraw his guilty plea based upon the trial court's plea colloquy or its compliance with Crim.R. 11(C), even assuming such an error could support a postsentence motion to withdraw plea.

### c. Allied Offenses

{¶ 53} Next, Hagens argues the trial court had a duty under R.C. 2941.25 to inquire and determine whether Counts 8 through 15 of the indictment—that is, the eight counts

of pandering sexually-oriented matter involving a minor—were allied offenses of similar import and therefore should have merged for sentencing.

{¶ 54} Like Hagens' argument regarding the trial court's compliance with Crim.R. 11(C), after a thorough review, this court cannot locate any decision finding that a trial court's failure to merge allied offenses can constitute a manifest injustice supporting a Crim.R. 32.1 motion to withdraw a guilty plea. *See State v. Mobley*, 2018-Ohio-3880, ¶ 19 (10th Dist.) (finding appellant's argument in his Crim.R. 32.1 motion regarding merger could have been raised on direct appeal even if the issue was not raised at sentencing). But solely for the purposes of analyzing Hagens' argument on appeal, we will assume that a trial court's failure to merge allied offenses could be a legitimate basis to withdraw a guilty plea.

{¶ 55} Merger of offenses is governed by R.C. 2941.25, which provides that when charges constitute allied offenses of similar import, the defendant can only be convicted on one charge. Specifically, that statute states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25.

{¶ 56} Stated more simply, R.C. 2941.25 provides that in determining whether offenses must be merged for sentencing because they are "allied," courts are to consider three separate factors: the conduct, the animus, and the import. *State v. Singh*, 2021-Ohio-2158, ¶ 60 (12th Dist.), citing *State v. Ruff*, 2015-Ohio-995, ¶ 31. "[A] defendant may

be convicted of multiple offenses arising out of an episode of criminal conduct if: 1) the offenses did not have the same import, i.e. the offenses created separate, identifiable harms; 2) the offenses were committed separately; or 3) there was a separate animus or motivation in committing the offenses." *State v. Clowers*, 2019-Ohio-4629, ¶ 30 (12th Dist.), citing *Ruff* at ¶ 25. The critical inquiry for an analysis under R.C. 2941.25 is the conduct of the defendant. *State v. Maloney*, 2023-Ohio-2711, ¶ 58 (12th Dist.), citing *Ruff* at ¶ 26.

{¶ 57} Although Hagens pleaded guilty to his offenses, "[a] defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary." *State v. Underwood*, 2010-Ohio-1, ¶ 26. Even if "the plea agreement is silent on the issue of allied offenses of similar import . . . the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense." *State v. Welsh*, 2019-Ohio-4128, ¶ 8 (12th Dist.), citing *Underwood* at ¶ 29.

{¶ 58} In this case, Hagens' argument concerns Counts 8 through 11 of the indictment, which charged Hagens with pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1) and (C), and Counts 12 through 15 of the indictment, which charged Hagens with pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(2) and (C). As a part of his plea agreement, Hagens pleaded guilty to each of the above counts and the trial court imposed a separate prison term on each count to run concurrently with the sentence imposed on Count 2.

{¶ 59} As discussed above, the State set forth the factual basis for the charges to which Hagens was pleading guilty. Relevant here, the State recited at the plea hearing that,

> [a]dditionally, the evidence would show that on - - as to Counts 8 through 11, that on four separate instances, [Hagens] created four videos of the sexual assault with - - of the child. And as to Counts 12 through 15, that on four separate occasions, he sent those four videos by way of phone text.

It is undisputed that Hagens accepted the State's recitation of the facts and acknowledged in open court that what the State had recited was true.

{¶ 60} Based on the above, the record firmly establishes that Hagens pleaded guilty to eight counts of pandering sexually-oriented matter involving a minor or impaired person with an understanding that the offenses occurred on eight separate occasions. This includes four separate occasions where Hagens created videos of the sexual assault and four other occasions where he distributed or disseminated those videos. "A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 2004-Ohio-4415, ¶ 19. Thus, by entering a guilty plea, Hagens not only stated that he committed the acts described in the indictment, but he also admitted that the pandering offenses occurred on eight separate occasions. Based upon these facts, it is clear Hagens did not commit Counts 8 through 15 with the same conduct. As such, the offenses simply cannot be considered allied offenses of similar import. *See State v. Lung*, 2015-Ohio-3833, ¶ 11 (12th Dist.); *State v. Stefanopoulos*, 2012-Ohio-4220, ¶ 51 (12th Dist.).

{¶ 61} Accordingly, because the charges were not based on the same conduct, the trial court was not required to merge the eight charges for sentencing. Consequently, the trial court did not abuse its discretion in denying Hagens' postsentence motion to withdraw his guilty plea based upon the trial court's failure to merge allied offenses of similar import, even assuming such an error could support a postsentence motion to withdraw plea.

**d. Arguments Raised for the First Time on Appeal**

**{¶ 62}** Finally, we note that Hagens has raised in his appeal to this court additional arguments that were not raised as part of his postsentence motion to withdraw his guilty plea. For example, while Hagens now asserts that there "may be a potential *Brady* violation, where the investigating officer failed to collect and preserve critical material evidence," Hagens never raised this issue before the trial court as part of his motion. It is "well-settled that issues not raised in the trial court may not be raised for the first time on appeal." *State v. Miller*, 2011-Ohio-1310, ¶ 9 (12th Dist.). Therefore, because Hagens failed to raise these issues in his motion below, we will not address these issues for the first time on appeal.

### III. Conclusion

**{¶ 63}** Considering all the above, we find that the trial court did not abuse its discretion in denying Hagens' postsentence motion to withdraw his guilty plea without conducting an evidentiary hearing. On appeal, Hagens did not appeal the trial court's finding that Hagens' arguments were barred by res judicata, and in any event the trial court's res judicata analysis was correct. Alternatively, the record establishes Hagens received effective representation by his trial counsel; his guilty plea was knowingly, intelligently, and voluntarily entered; and his convictions were not allied offenses of similar import. As such, the trial court did not err in concluding that Hagens failed to establish a reasonable likelihood that a withdrawal of his plea was necessary to correct a manifest injustice. Finding no merit to any of the arguments raised herein by Hagens, we overrule his three assignments of error.

**{¶ 64}** Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.

## **J U D G M E N T   E N T R Y**

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Robert A. Hendrickson, Judge

/s/ Mike Powell, Judge